**CHERNE CONTRACTING CORPORATION, a Michigan Corporation, Appellant,**

v.

**WAUSAU INSURANCE COMPANIES, a/k/a/ Employers Mutual Liability Insurance Company of Wisconsin, a Wisconsin Corporation, et al., Respondents.**

No. C7–97–1137.

Court of Appeals of Minnesota.

Dec. 16, 1997.

Review Denied Feb. 19, 1998.

James H. Kaster, Stephen Chippendale, Nichols Kaster & Anderson, Minneapolis, for appellant.

Richard M. Hagstrom, Michael R. Cashman, T. Joseph Snodgrass, Zelle & Larson LLP, Minneapolis, for respondents.

Considered and decided by KLAPHAKE, P.J., and DAVIES and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Appellant Cherne Contracting Corporation sued its workers compensation insurer, respondent Wausau Insurance Companies, alleging breach of a covenant of good faith and fair dealing, negligence, fraud, misrepresentation, breach of fiduciary duty, unjust enrichment, and breach of contract. Cherne claimed that Wausau had retained unnecessarily large portions of Cherne's funds to pay outstanding workers compensation claims, and that Wausau had not provided Cherne with complete information about the claims. Cherne also sued Nationwide Insurance Company, claiming that Nationwide, an affiliate of Wausau, was involved in the management of Cherne's policies.

Except for Cherne's breach of contract claim, the district court dismissed all of Cherne's claims for failure to state a claim. The district court also (1) denied Cherne's motion to amend its complaint to add claims for legal malpractice and the unauthorized practice of law, (2) denied Cherne's request for additional discovery on the issue of Nationwide's involvement in Cherne's accounts, concluding that any further discovery would constitute a "fishing expedition," (3) granted summary judgment in favor of Nationwide, and (4) granted partial summary judgment in favor of Wausau on its affirmative defenses involving the statute of limitations and the doctrines of account stated and waiver.

We affirm the district court's decisions (1) that Wausau was not a fiduciary, (2) that Cherne had failed to state a tort claim for breach of a duty of good faith, (3) that Cherne should not be allowed to amend its complaint to add claims of legal malpractice and the unauthorized practice of law, (4) that further discovery on the issue of Nationwide's involvement in the management of Cherne's accounts be denied, and (5) that Nationwide be dismissed from the action. We reverse and remand on Wausau's affirmative defenses to Cherne's breach of contract claim, in light of the fact issues raised by Cherne.

## FACTS

Wausau has sold workers compensation insurance policies to Cherne for approximately 30 years. In the late 1970's, Cherne switched from standard workers compensation policies with Wausau to incurred loss retrospective premium policies, also with Wausau.

For each three-year retrospective premium policy, Wausau billed Cherne an initial standard premium, based on Wausau's estimate of the liability for workers compensation claims that would be filed during the policy period. The premium was placed in an indemnity reserve. At the end of the first year, Wausau re-calculated the premium and adjusted the reserve deposit to reflect the year's claims. If Wausau believed that a larger reserve would be necessary for future liability on a claim, it billed Cherne for the increase; if Wausau believed that Cherne's future liability had decreased, it paid Cherne a partial refund. At the end of the second and third years, Wausau again re-calculated the premium and adjusted the reserve deposit to reflect the claims for the prior years.

Each policy was subject to a minimum and maximum premium. If all claims were not closed at the end of the three-year period, and if Cherne had not paid the maximum premium, Wausau would continue to recalculate the retrospective premium.

The policy at issue in this appeal is the retrospective policy covering the three-year period of 1978–1981. As of the date of the judgment, there remained several outstanding claims under that policy.

## ISSUES

1. Did the district court err by denying and dismissing Cherne's claim that Wausau was a fiduciary?

2. Did the district court err by dismissing Cherne's tort claims for failure to state a claim?

3. Did the district court err by refusing to allow Cherne to amend its complaint?

4. Did the district court err by granting summary judgment in favor of Wausau on its affirmative defenses?

5. Did the district court err by dismissing Nationwide as a party and denying Cherne's request for additional time to conduct discovery relating to Nationwide?

## ANALYSIS

### 1. Fiduciary Claim.

On appeal from a judgment of dismissal for failure to state a claim, we should consider "whether the complaint sets forth a legally sufficient claim for relief." *Elzie v. Commissioner of Public Safety,* 298 N.W.2d 29, 32 (Minn.1980) (quoting *Royal Realty Co. v. Levin,* 244 Minn. 288, 290, 69 N.W.2d 667. 670 (1955)). "[T]he determination of a claim's viability presents a question of law, which we review[ ] de novo." *Anderson v. Minnesota Ins. Guar. Ass'n,* 534 N.W.2d 706, 709 (Minn.1995).

The district court dismissed Cherne's claim of breach of fiduciary duty, concluding that Cherne's relationship with Wausau was based solely on an insurance contract between two business enterprises and did not rise to the level of a fiduciary relationship. We agree.

■ A fiduciary relationship may exist where there is a "[d]isparity of business experience and invited confidence." *Murphy v. Country House, Inc.,* 307 Minn. 344, 352, 240 N.W.2d 507, 512 (1976). The mere allegation that a plaintiff has been acquainted with a defendant for a long time is not sufficient to establish a fiduciary relationship if the plaintiff should have known that the defendant was representing adverse interests. *Stark v. Equitable Life Assurance Soc'y,* 205 Minn. 138, 145, 285 N.W. 466, 470 (1939). In *Stark,* the court noted that an insurer may be a fiduciary when it sees fit to take a policyholder into its confidence by advising the policyholder not to employ counsel and inviting the policyholder to instead communicate with the insurer. 205 Minn. at 145–46, 285 N.W. at 470.[1]

---

1. In at least two other cases, the Minnesota appellate courts have suggested that an insurer may have a "fiduciary duty" to an insured. *See American Standard Ins. Co. v. Le,* 539 N.W.2d 810,

Cherne cites evidence that Wausau was using Cherne's funds to handle claims, that Cherne relied on Wausau's expertise and invited confidence, and that Wausau's attorneys defended Cherne as a client. But this, without more, is insufficient to establish a prima facie case of a fiduciary relationship. The reality is that a relationship created by an insurance contract necessarily involves competing interests, which often generate litigation between the insurer and insured. Without a showing by Cherne that Wausau was aware of Cherne's trust and confidence, the parties' relationship was not compatible with the concept of a fiduciary. *See Klein v. First Edina Nat'l Bank,* 293 Minn. 418, 422, 196 N.W.2d 619, 623 (1972) (concluding that to establish prima facie case of fiduciary relationship, plaintiff should produce evidence that defendant should have known plaintiff was placing trust and confidence in defendant; 20 year business relationship insufficient as proof of confidential relationship).

## 2. Tort Claims.

Under Minnesota law, a party is not entitled to recover tort damages for a breach of contract, absent an "exceptional case" where the breach of contract "constitutes or is accompanied by an independent tort." *Wild v. Rarig,* 302 Minn. 419, 440–41, 234 N.W.2d 775, 789–80 (1975). "In such cases the duty is an incident of the relationship rather than the contract * * *." *Id. Accord, Hanks v. Hubbard Broad., Inc.,* 493 N.W.2d 302, 308 (Minn.App.1992) (stating that test for independent tort is "whether a relationship would exist which would give rise to the legal duty without enforcement of the contract promise itself"), *review denied* (Minn. Feb. 12, 1993). Cherne claims that the nature of Wausau's obligations, including its alleged fiduciary duties and its obligations regarding retrospective premium policies, constituted this type of "exceptional" case and imposed upon Wausau certain tort duties, the breach of which should entitle Cherne to tort damages.

While the Minnesota courts have recognized that an insurer owes its insured a duty of good faith, such duty has never been expressed as a tort duty. *See, e.g., Short,* 334 N.W.2d at 387–88 (imposing upon insurer duty of good faith, breach of which exposes insurer to liability for any damages in excess of policy limit; no discussion of tort liability); *Pillsbury Co. v. National Union Fire Ins. Co.,* 425 N.W.2d 244, 250 (Minn.App.1988) (concluding plaintiff's claim for "bad faith denial of insurance claim" was tied to and dependent on pleading and proving contract action and, thus, did not constitute an independent tort), *review granted* (Minn. Jul. 28, 1988), *appeal dismissed* (Minn. Mar. 13, 1989); *Northfield Ins. Co. v. St. Paul Surplus Lines Ins. Co.,* 545 N.W.2d 57, 63 (Minn. App.1996) (noting that bad faith standard, not negligence standard, applies to claims against insurer for breach of duty), *review denied* (Minn. Jun. 19, 1996).

Cherne cites *Transport Indem. Co. v. Dahlen Transp., Inc.,* 281 Minn. 253, 161 N.W.2d 546 (1968). There, the supreme court addressed an insurer's claim for premiums allegedly due from the insured for sums paid pursuant to a retrospective premium policy. *Id.* at 257–58, 161 N.W.2d at 549. The *Dahlen* court concluded that the insurer's right to collect retrospective premium payments "should be contingent upon proof by the insurer that the settlements so made were in good faith and reasonable." *Id.* at 257, 161 N.W.2d at 549.

We agree with the district court's conclusion that any responsibility to establish good faith under *Dahlen* exists only because of the parties' contractual relationship. Contrary to Cherne's arguments, there is no evidence in *Dahlen* that the court intended to recognize a tort of bad faith as a remedy for an insured under a retrospective premium policy. Cherne's claim arose from the insurance

815 (concluding that insurance policy "creates a fiduciary duty in the insurer toward its insured"), *rev'd on other grounds* 551 N.W.2d 923, 925 (Minn.1996) (review limited to propriety of attorney fees); *Short v. Dairyland Ins. Co.,* 334 N.W.2d 384, 387 (Minn.1983) (stating that insurer has "fiduciary duty to the insured to represent his or her best interests and to defend and indemnify"). In neither case, however, was the existence of a fiduciary relationship actually an issue before the court. Furthermore, in neither case was the insured a business such as Cherne.

contract at issue; without such contract there would have been no relationship between the parties, and no basis for liability. Therefore, there was no duty independent of the contract.

### 3. Amendment of Complaint.

A decision whether to allow an amendment to a complaint rests in the discretion of the trial court and will be reversed only for an abuse of that discretion. *Warrick v. Giron*, 290 N.W.2d 166, 169 (Minn. 1980).

The district court denied Cherne's motion to amend its complaint to supplement its factual allegations and to add claims for legal malpractice and the unauthorized practice of law. The basis for the district court's decision was its determination that Cherne's remedies were limited to its breach of contract claim. Because we agree that Cherne does not have viable claims against Wausau apart from those founded on breach of contract, we affirm the denial of Cherne's request to amend its complaint.

### 4. Summary Judgment on Affirmative Defenses.

The district court granted Wausau's motion for partial summary judgment on its affirmative defenses. On appeal from a summary judgment, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). When reviewing a grant of summary judgment, we "view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

Cherne commenced this action on March 11, 1996, challenging Wausau's actions under the parties' 1978–1981 policy. If the normal six-year statute of limitations for contracts were applied, Cherne could not claim any breach of the policy prior to March 11, 1990. *See* Minn.Stat. § 541.05(1) (1996) (providing six year statute of limitation on contracts for which no other limitation is expressly prescribed).

Cherne argues that the six-year period should be calculated pursuant to Minn.Stat. § 541.10 (1996), which governs actions on "mutual, open, and current" accounts. For these accounts, the six-year limitation period does not begin to run until "the date of the last item proved on either side." *Id.*

Cherne claims that its policy is a "mutual open and current account" because claims under the 1978 policy are still open, payments are still being made under the policy, and it is possible that a portion of the reserve could still be refunded to Cherne. According to Cherne, although the reserve has been adjusted annually, the reserve was simply credited and debited at those times and was left open in anticipation of future transactions.

The supreme court has addressed Minn.Stat. § 541.10, concluding that for an account to be "mutual, open, and current," "it must appear by agreement of the parties, express or implied, that all items constitute one demand." *Hawley v. Little Falls Mill & Mercantile Co.*, 220 Minn. 165, 168, 19 N.W.2d 161, 162 (1945). On the other hand,

> [i]f the items of the account are to be considered separately and settled on a separate monthly basis without regard to what may follow in the succeeding [period], then the court may not read into such an agreement a condition providing that the account shall constitute an open and current one, regardless of the intention of the parties.

*Id.*

Viewing the language in the Wausau policy in the light most favorable to Cherne, we conclude that there is a factual issue whether the retrospective premium is a mutual, open and current account. Furthermore, even if the normal six-year contractual statute of limitations applies, Cherne has presented sufficient evidence to create a fact issue on whether the statute should be tolled because Wausau fraudulently or intentionally concealed from Cherne its failure to communicate settlement demands and to pursue third-party recoveries. *See* Minn.Stat. § 541.05, subd. 1(6) (1996) (providing that where party alleges fraud, six-year statute of

limitations does not accrue until discovery of facts constituting fraud); *Toombs v. Daniels,* 361 N.W.2d 801, 809 (Minn.1985) (six-year statute of limitations "begins to run when the facts constituting fraud were discovered or, by reasonable diligence, should have been discovered. * * * * The time when fraud reasonably should have been discovered is * * * a question of fact.").

Cherne submitted affidavits alleging that Wausau had not informed it of claimants' settlement demands in 1982, 1983, and 1993. An affidavit by Cherne's risk manager alleged that he had asked about the status of those claims, was informed that Wausau was attempting to settle the cases, and was never informed of any settlement offers. Cherne's affidavits established a question of material fact as to whether the statute of limitations should have been tolled for fraudulent concealment.[2]

■ For the above reasons, we also reverse the partial summary judgment in favor of Wausau on the basis that Cherne's complaints about Wausau's actions in 1982 and 1983 were barred by the doctrines of account stated and waiver. An "account stated" is

a manifestation of assent by a debtor and creditor to a stated sum as an accurate computation of an amount due the creditor. A party's retention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent.

*American Druggists Ins. v. Thompson Lumber Co.,* 349 N.W.2d 569, 573 (Minn.App. 1984). "Waiver is a voluntary relinquishment of a known right. Both intent and knowledge, either actual or constructive, are essential elements." *Anda Constr. Co. v. First Fed. Sav. & Loan Ass'n,* 349 N.W.2d 275, 278 (Minn.App.1984), *review denied* (Minn. Sept. 5, 1984).

■ Cherne claims that it was never informed about Wausau's alleged rejection of settlement offers and failure to pursue recoveries from third parties; therefore, it did not

have the full knowledge to manifest assent to or waive its right to challenge the retrospective premium adjustments. Cherne argues that the annual adjustments were not settlements but were only estimates, to which Cherne did not manifest assent or waive its right to object. These issues raise questions of fact, which are inappropriate for summary judgment.

**5. Summary Judgment for Nationwide.**

The district court granted Nationwide's motion for summary judgment, concluding that Cherne had presented no affirmative evidence sufficient to create a genuine issue of fact on the question of whether Nationwide had any oversight or direction of Cherne's claims.

Cherne asked the district court for a continuance in order to conduct further discovery on this issue. *See* Minn. R. Civ. P. 56.06 (allowing continuance for additional discovery if a party can "present, by affidavit, facts essential to justify the party's opposition" to a motion for summary judgment). The district court denied Cherne's request for further discovery, finding that Cherne had not disputed the affidavits submitted by Nationwide in support of its motion, and that any further discovery by Cherne would be a mere "fishing expedition."

■ There is a presumption in favor of granting a request for a continuance to allow additional time for discovery. *Rice v. Perl,* 320 N.W.2d 407, 412 (Minn.1982). This presumption is particularly important when the opposing party is in exclusive control of the relevant facts. *Id.* (quoting 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 2741 at 733–34 (1973)). But the court should consider whether the party seeking a continuance has been diligent and whether the party has a good faith belief that material facts will be uncovered. *Rice,* 320 N.W.2d at 412. The court should refuse to grant a continuance if

---

**2.** The alleged fraudulent concealment was not the type of independent tort sufficient for recovery of tort damages; absent the contract itself, there could have been no fraudulent concealment of the alleged settlement offers. *See Wild v.*

*Rarig,* 302 Minn. at 441, 234 N.W.2d at 790 (stating that tort damages are not recoverable for breach of contract unless tort duty is incident of parties' relationship, rather than the contract).

the requesting party has simply expressed an interest in engaging in a "fishing expedition." *Id.*

 The district court has the discretion whether to grant a continuance for further discovery. *Dunshee v. Douglas,* 255 N.W.2d 42, 45 (Minn.1977). We will not overturn the district court's refusal to grant a continuance, absent an abuse of discretion. *Id.*

An affidavit by Wausau's vice president of underwriting and product services stated that based on information available to him, Nationwide was not involved in the underwriting, claims-handling, or defense of claims arising under Cherne's policies. An affidavit by Nationwide's superintendent of its office of underwriting stated that Nationwide had never had any type of relationship with Cherne. Another affidavit submitted by Wausau stated that all of Cherne's claims were managed by claims professionals employed by Wausau and that Nationwide was not involved in the management or defense of those claims.

 Cherne did not submit any of its own affidavits supporting a good faith belief that there was a relationship between Nationwide and Cherne. The only evidence submitted by Cherne was a general claim that because of Nationwide's affiliation with Wausau after 1985, it appeared that Nationwide was involved in claims arising under Cherne's policies. Wausau submitted an affidavit stating that during discovery, Cherne had requested and Wausau had produced all legal files relating to this lawsuit. In light of these facts, we conclude that the district court did not abuse its discretion by dismissing Nationwide from the action based on its determination that Cherne's requested continuance was a "fishing expedition."

### DECISION

The district court did not err by concluding that Wausau was not a fiduciary and that Cherne had failed to state a tort claim for breach of a duty of good faith. The district court did not err by refusing to allow Cherne to amend its complaint and by dismissing Nationwide from the action without further discovery by Cherne. In light of the fact issues raised by Cherne, the district court erred by granting summary judgment on Wausau's affirmative defenses to Cherne's claims for breach of contract.

**Affirmed in part, reversed in part, and remanded.**