John S. McGRATH, Petitioner, Appellant,

v.

TCF BANK SAVINGS, fsb, Respondent.

No. C7–92–2267.

Supreme Court of Minnesota.

Dec. 17, 1993.

Richard S. Virnig, Minneapolis, for appellant.

Timothy D. Kelly, David J. Duddleston, Minneapolis, for respondent.

KEITH, Chief Justice.

We entertain review on the petition for further review filed by the plaintiff John S. McGrath for the sole purpose of clarifying the decision of the court of appeals, *McGrath v. TCF Savings Bank*, 502 N.W.2d 801 (Minn.App.1993) as it defined the scope of the remand for retrial on McGrath's retalia-

tory discharge claim. The court of appeals concluded that the instruction given "was in error because it did not require the jury to determine whether the reasons for McGrath's discharge offered by TCF were pretextual." *McGrath*, 502 N.W.2d at 807. Its explanation for that statement, however, misstates the *McDonnell–Douglas* method of proof, suggesting that an employer could avoid liability even if an illegitimate reason played a role in the discharge so long as the other proffered reason was not pretextual. *McGrath v. TCF Savings Bank*, 502 N.W.2d 801, 807 (footnote 2). As we made clear in *Anderson v. Hunter, Keith, Marshall & Co.*, 417 N.W.2d 619 (Minn.1988), even if an employer has a legitimate reason for the discharge, a plaintiff may nevertheless prevail if an illegitimate reason "more likely than not" motivated the discharge decision. *Anderson*, 417 N.W.2d at 627. *See also Sigurdson v. Isanti County*, 386 N.W.2d 715 (Minn.1986).

We therefore modify the court of appeals' decision to reflect our view that, on retrial, the jury should be instructed in accordance with the cumulative statements we have made in *Anderson* and *Sigurdson*. The petition for further review is, in all other respects, denied.

Court of appeals' opinion modified.