Joyce LLOYD, Appellant,

v.

IN HOME HEALTH, INC., Respondent.

No. C0–94–915.

Court of Appeals of Minnesota.

Oct. 18, 1994.

Charles M. Goldstein, Gregory J. Reigel, Berg and Leaf, Hopkins, for appellant.

Robert Atmore, Timothy Wong, Lindquist and Vennum, Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and LANSING and AMUNDSON, JJ.

## OPINION

HUSPENI, Judge.

Following her termination by respondent In Home Health, Inc. (IHH), appellant Joyce Lloyd brought suit alleging: violation of Minn.Stat. § 181.932 (1992) (the "whistle-blower statute"), breach of contract, violation of Minn.Stat. § 181.13 (1992) (penalty for failure to pay wages promptly), defamation, and negligent infliction of emotional distress. The district court granted summary judgment on all counts and Lloyd appeals only the defamation and negligent infliction of emotional distress claims. Because we find no material fact issues and because IHH is entitled to summary judgment as a matter of law, we affirm.

## FACTS

Lloyd worked for IHH as an administrative assistant from May 1991 to November 1992. On November 10, 1992, the day of her termination, Lloyd requested and received

her personnel file. In her file were three notices of disciplinary action; two of these gave "unprofessional conduct" as the reason for the disciplinary action. In addition, Marilyn Matz, Lloyd's coworker, stated that a few days after Lloyd's November 10, 1992, termination, Harry Alcorn, Jr., Lloyd's supervisor at IHH, told Matz that Lloyd was "not professional."

Lloyd stated that she self-published the statement regarding her "unprofessional conduct" during a job interview on December 3, 1992. On December 8, 1992, Lloyd's attorney asked IHH to permit Lloyd to add her own position statement to her personnel file. It is undisputed that the attorney's request to include a position statement followed publication of the statement. IHH complied with the request and three days later Lloyd's statement was placed in her personnel file.

## ISSUES

1. Did the district court err in granting summary judgment against Lloyd's claim of defamation?

2. Did the district court err in granting summary judgment against Lloyd's claim of negligent infliction of emotional distress?

## ANALYSIS

■ On appeal from summary judgment, this court must determine (1) whether there are any genuine issues of material fact and (2) whether the lower court erred in the application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). Evidence must be viewed in the light most favorable to the nonmoving party, and any doubt as to whether there is a factual issue should be resolved in favor of that party. *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn.1992). However, summary judgment on a claim is mandatory against a party who fails to establish an essential element of that claim, if that party has the burden of proof, because this failure renders all other facts immaterial. *Carlisle v. City of Minneapolis*, 437 N.W.2d 712, 715 (Minn.App.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

■ 1. The district court concluded that even if an accusation of unprofessional conduct is deemed to be defamatory, Lloyd's claim is barred under Minn.Stat. § 181.962. We agree with the district court's conclusion regarding the application of the statute and like the district court, we will assume that the accusation of unprofessional conduct is defamatory.

Subdivision 1 of section 181.962 provides that:

(a) If an employee disputes specific information contained in the employee's personnel record:

(1) the employer and the employee may agree to remove or revise the disputed information; and

(2) if an agreement is not reached, the employee may submit a written statement specifically identifying the disputed information and explaining the employee's position.

(b) The employee's position statement may not exceed five written pages. The position statement must be included along with the disputed information for as long as that information is maintained in the employee's personnel record. A copy of the position statement must also be provided to any other person who receives a copy of the disputed information from the employer after the position statement is submitted.

Subdivision 2 of the statute provides:

(a) No communication by an employee of information obtained through a review of the employee's personnel record may be made the subject of any action for libel, slander, or defamation, unless the employee requests that the employer comply with subdivision 1 and the employer fails to do so.

(b) No communication by an employer of information contained in an employee's personnel record after the employee has exercised the employee's right to review pursuant to section 181.961 may be made the subject of any common law civil action for libel, slander, or defamation unless:

(1) the employee has disputed specific information contained in the personnel record pursuant to subdivision 1;

(2) the employer has refused to agree to remove or revise the disputed information;

(3) the employee has submitted a written position statement as provided under subdivision 1; and

(4) the employer either (i) has refused or negligently failed to include the employee's position statement along with the disputed information or thereafter provide a copy of the statement to other persons as required under subdivision 1, or (ii) *thereafter* communicated the disputed information with knowledge of its falsity or in reckless disregard of its falsity.

(c) A common law civil action for libel, slander, or defamation based upon a communication of disputed information contained in an employee's personnel record is not prohibited if the communication is made after the employer and the employee reach an agreement to remove or revise disputed information and the communication is not consistent with the agreement.

Minn.Stat. § 181.962, subd. 2 (1992) (emphasis added).

Lloyd's defamation claim is based on two publications: her self-publication on December 3, 1992, and Alcorn's statement to Matz a few day after Lloyd's November 10, 1992, termination. Both of these publications occurred after Lloyd reviewed her file and before she submitted her written position statement.

On the basis of the undisputed chronology of events, the district court concluded that IHH fully complied with the statute and any self-publication by Lloyd or publication by IHH of the information from the personnel file cannot be the basis of a defamation claim. Lloyd challenges the district court's interpretation of the statute both as it applies to Lloyd's self-publication and as it applies to IHH's publication. Lloyd argues that it is contrary to the legislative intent to prevent her from explaining false and defamatory statements to potential employers prior to her submission of a position statement. Further, she argues that it is error to create a statutory window of opportunity for the employer to recklessly and falsely defame the employee with impunity any time after the employee reviews the file but before he or she is able to submit a statement to dispute the defamatory information effectively.

While we are not insensitive to the concerns raised by Lloyd, we conclude that the district court properly construed the statute. With regard to self-publication, the statute allows a claim based on such publication only if "the employee requests that the employer comply with subdivision 1 and the employer fails to do so." Minn.Stat. § 181.962, subd. 2(a). Lloyd makes no allegation of noncompliance with subdivision 1.

With regard to IHH's publication, if this court were to construe the statute as Lloyd urges, we would, of necessity, entirely read out of the statute the word "thereafter" in subdivision 2(b)(4)(ii). As required by Minnesota statutes, "every law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (1992). Therefore, in order to give meaning to the word "thereafter," we must recognize a legislative intent to hold the employer culpable in the context of the facts of this case for communicating the "disputed information with knowledge of its falsity or in reckless disregard of its falsity" only if that communication occurs after the employee has "submitted a written position statement."[1]

In addressing Lloyd's complaints about the window of time created by the statute (a window which she argues prevents her self-publication and permits IHH's publication), we, too, recognize that a window exists. We recognize also, however, that the employee affected by the statute has the ability to limit the magnitude of that window by expeditious submission of a written position statement. We conclude that remaining concerns about whether the existence of any window of time

---

1. At the time of the publication alleged by Lloyd, she had not yet asked to submit a written statement. We do not decide here the legal result if the publication occurs after the employee asks to submit a position statement yet before the employee submits such a statement.

is appropriate must be directed to the legislature.

Because Lloyd's defamation claim is barred by Minn.Stat. § 181.962, and because we have assumed that the accusation of unprofessional conduct was defamatory, we need not address the issue of IHH's qualified privilege.

2. Both parties recognize that if the district court was correct in awarding summary judgment on Lloyd's defamation claim, summary judgment on her negligent infliction of emotional distress claim was also proper. Therefore, our affirmance of summary judgment for IHH on the defamation claim results in affirmance of summary judgment on the negligent infliction of emotional distress claim also.

## DECISION

The district court properly granted summary judgment on Lloyd's defamation claim because such a claim is barred under Minn. Stat. § 181.962. Since Lloyd's defamation claim was properly dismissed, the district court appropriately granted summary judgment on Lloyd's negligent infliction of emotional distress claim.

**Affirmed.**