**Thomas BEBO, Appellant,**

v.

**Gordon DELANDER, et al., Respondents.**

No. C5–01–199.

Court of Appeals of Minnesota.

Aug. 7, 2001.

Review Denied Oct. 16, 2001.

Robert A. Nicklaus, Nicklaus, Braaten & Hollenhorst, PLLC, Chaska, for appellant.

Richard A. Beens, Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, and Bernard J. Bobber, Foley & Lardner, Milwaukee, WI for respondents.

Considered and decided by R.A. RANDALL, Presiding Judge, and ROBERT SCHUMACHER and G. BARRY ANDERSON, Judges.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant argues that the district court erred by granting summary judgment to respondents on appellant's tortious-interference-with-contract and defamation claims. Appellant contends that (1) the question of whether his employer suspended his employment creates a genuine issue of material fact; (2) the district court erred by determining that appellant's claims failed as a matter of law; and (3) the district court abused its discretion by failing to grant his motion to amend the complaint.

We conclude that there is no genuine issue of material fact as to whether appellant had been suspended, and further conclude that appellant failed to establish the essential elements of his claims. Moreover, the district court acted within its broad discretion by denying appellant's motion to amend the complaint. Accordingly, we affirm.

## FACTS

Since 1980, appellant Thomas Bebo has been a truck driver employed by K–Way Express (K–Way). K–Way assigned appellant, an at-will employee, to transport freight to the warehouses of respondent Silgan Containers Manufacturing Corporation (Silgan) from 1993 until 1998. In the course of completing his deliveries, appellant worked with respondents Gordon Delander and Thomas Morrison, employees of Silgan. Delander and Morrison are shipping clerks in Silgan's warehouse facilities.

The working relationship between appellant and the shipping clerks became acrimonious in 1998. Disputes between appellant and the shipping clerks concerning paperwork, blocked trucks, and unloading schedules at times escalated into name-calling. As a result, in July or August 1998, Delander telephoned K–Way dispatcher Barbara Jones and stated that appellant was "banned" from delivering goods to Silgan.

Silgan manager Jack Bohnert learned of the ban in August or September, and told Delander that the ban was outside Delander's authority. In September 1998, however, Bohnert telephoned K–Way president Jim Koch and the two agreed that appellant would be temporarily banned from making deliveries to Silgan until the problems between appellant and the shipping clerks could be resolved. In late September, K–Way reassigned appellant from the Silgan routes to other routes.

Appellant complained to Silgan's California corporate headquarters. Silgan's Human Relations Director, David Rubardt, came to Minnesota in November 1998 to investigate. Rubardt recommended that appellant meet with Bohnert. The meeting took place in January 1999, and each left the meeting believing the other would reinitiate discussions. In the meantime, appellant continued to make deliveries elsewhere.

In February 2000, appellant filed a complaint alleging that Morrison, Delander, and Silgan tortiously interfered with appellant's K–Way employment contract. Appellant also alleged that Morrison and Delander made slanderous statements that damaged appellant's character by calling him an "a—hole" and "c— sucker," by stating, in the presence of others, "Watch the guy. He's going to f— you over," and represented to others that appellant was "blocking the other drivers." Several months of discovery followed.

On October 17, 2000, respondents filed a motion for summary judgment, arguing that (1) appellant had not shown any breach of his at-will K–Way employment contract or any material loss of pay or benefits and (2) appellant's defamation claim failed because the statements made by Morrison and Delander were not defamatory and did not cause any loss of reputation or corresponding monetary damage. On October 31, 2000, appellant filed a motion to amend the complaint to add, among other things, the allegation that: "Delander and Morrison made derogatory remarks about [appellant's] reputation as a truck driver * * *" to four of appellant's fellow employees.

The district court granted respondents' motion for summary judgment, concluding that, as a matter of law, respondents' alleged actions did not cause a breach of appellant's at-will employment contract and that respondents' alleged statements did not constitute defamation. The district court denied appellant's motion to amend the complaint. This appeal follows.

## ISSUES

I.  Did the district court err by concluding that there were no material

facts in dispute and that appellant's tortious-interference-with-contract and defamation claims failed as a matter of law?

II. Did the district court abuse its discretion by denying appellant's motion to amend the complaint?

## ANALYSIS

### I.

■■■ On appeal from summary judgment, we determine whether there are genuine issues of material fact, and whether the district court erred in its application of law. Minn. R. Civ. P. 56.03; *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). The reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). Even so, summary judgment

> is mandatory against a party who fails to establish an essential element of [the] claim, if that party has the burden of proof, because this failure renders all other facts immaterial.

*Lloyd v. In Home Health, Inc.*, 523 N.W.2d 2, 3 (Minn.App.1994). Once the moving party has made a prima facie case that entitles it to summary judgment, the burden shifts to the nonmoving party to produce specific facts that raise a genuine issue for trial. Minn. R. Civ. P. 56.05; *Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn. 1988). The nonmoving party may not rely upon mere averments in the pleadings or unsupported allegations but must come forward with specific facts to satisfy its burden of production. *Musicland Group, Inc. v. Ceridian Corp.*, 508 N.W.2d 524, 530–31 (Minn.App.1993), *review denied* (Minn. Jan. 27, 1994).

### A. Tortious Interference with Contract

#### 1. Fact Issue

Appellant first argues that the question of whether he was suspended is material to whether a breach of contract occurred and creates a fact issue for trial.

■■■ "A fact is material if its resolution will affect the outcome of the case." *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 892 (Minn.1996) (citation omitted). A genuine issue of material fact "must be established by 'substantial evidence.'" *Murphy v. Country House, Inc.*, 307 Minn. 344, 351, 240 N.W.2d 507, 512 (1976) (citations omitted). There is no genuine issue of material fact if

> the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions.

*DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn.1997).

■■■ Appellant, in his own deposition testimony, admitted that he was *not* suspended or otherwise disciplined:

Q: Okay. In your employment with K-Way, Mr. Bebo, have you ever been terminated by K-Way? Have you ever been fired?

A. No, sir.

Q. Have you ever been suspended by K-Way?

A. No, sir.

Q. Have you ever been disciplined by K-Way in some manner that was less severe than a suspension, for example, a written warning, that kind of thing?

A. No, sir.

Q. You have a clean disciplinary record with K-Way?

A. Yes, sir.

Q. Has K–Way ever demoted you in some way?

A. No, sir.

In addition, K–Way gave appellant an annual performance bonus in each year that it gave bonuses.

Appellant argues that, in spite of his deposition testimony, his reassignment from Silgan routes to other routes constitutes a suspension. But an employment suspension "implies a temporary separation from * * * service." *Anderson v. Twin City Rapid Transit Co.*, 250 Minn. 167, 174, 84 N.W.2d 593, 598 (Minn.1957) (citation and quotation omitted). K–Way did not separate appellant from service, but instead assigned him elsewhere, a right clearly held by the employer. Accordingly, we conclude that appellant has not presented "substantial evidence" that the question of whether an employment suspension occurred created a material fact issue for trial.

### 2. Legal Merits

■ Appellant next argues that the district court erred by granting summary judgment to respondents on the basis that appellant had not established a prima facie case of tortious interference with contract. To establish a claim for tortious interference of contract, a plaintiff must show: (1) the existence of a contract; (2) knowledge of the contract; (3) intentional procurement of the contract's breach; (4) absence of justification; and (5) damages caused by the breach. *Furlev Sales & Assoc., Inc. v. North Am. Auto. Warehouse, Inc.*, 325 N.W.2d 20, 25 (Minn.1982). A successful claim requires proof of all five elements. *St. Jude Med., Inc. v. Medtronic, Inc.*, 536 N.W.2d 24, 30 n. 6 (Minn.App.1995), *review denied* (Minn. Oct. 27, 1995).

■ The district court determined that (1) the contract between K–Way and appellant was at-will; (2) under the terms of the at-will contract, K–Way had the discretion to reassign appellant to other routes; and (3) the reassignment to other routes did not breach the contract. Having found no breach of the at-will contract, the district court concluded, as a matter of law, that appellant's tortious-interference-with-contract claim failed and did not address the remaining elements.

■ "At-will" employment agreements may serve as the underlying contracts in a tortious-interference-with-contract claim. *Nordling v. Northern States Power Co.*, 478 N.W.2d 498, 504 (Minn. 1991). "The at-will employment subsists at the will of the employer and employee * * *." *Id.* at 505. There is no evidence of an agreement between appellant and K–Way concerning route assignments. Appellant testified, by deposition, that both dispatchers and Koch decided how to assign drivers to the delivery routes. Appellant explained, "if something needs to be changed around, you know, they will change accordingly to make it work."

■ Thus, under the terms of appellant's at-will employment agreement, K–Way president Koch and the dispatchers had the discretion to reassign appellant to different routes. It follows that Koch did not breach any contract provision by reassigning appellant to different routes pending resolution of the Silgan difficulties because appellant had no contractual right to be assigned to the Silgan route. *See Michaelson v. Minnesota Min. & Mfg. Co.*, 474 N.W.2d 174, 181 (Minn.App.1991) (reassignment does not constitute interference with at-will contract), *aff'd* 479 N.W.2d 58 (Minn.1992). A district court does not err by concluding a tortious-interference-with-contract claim fails when the plaintiff has not shown breach of contract.

*See, e.g., Sterling Capital Advisors, Inc. v. Herzog,* 575 N.W.2d 121, 127 (Minn.App. 1998) (holding summary judgment proper where appellant had not shown breach of contract between shareholders and broker); *R.A., Inc. v. Anheuser–Busch, Inc.,* 556 N.W.2d 567, 570 (Minn.App.1996) (summary judgment for respondent upheld where unenforceable contract could not be breached and thus caused plaintiff's tortious interference with contract claim to fail), *review denied* (Minn. Jan. 29, 1997); *Hansen v. Phillips Beverage Co.,* 487 N.W.2d 925, 927–28 (Minn.App.1992) (letter to negotiate in good faith did not create an enforceable contract and, consequently, the district court properly dismissed claim for tortious interference with contract).

Because there was no breach of appellant's "at-will" employment agreement, we conclude that the district court did not err as a matter of law by granting summary judgment to respondents on the basis that appellant had not proven an essential element of his tortious-interference-with-contract claim.

*B.  Defamation*

■ Appellant next claims that the district court erred as a matter of law by determining that the statements made by Morrison and Delander to appellant and others were not defamatory.  The elements of defamation require the plaintiff to prove that (1) the statement was false; (2) it was communicated to someone other than the plaintiff; and that (3) it tended to harm the plaintiff's reputation and lower him or her in the estimation of the community. *Rouse v. Dunkley & Bennett, P.A.,* 520 N.W.2d 406, 410 (Minn.1994).  Imputations concerning one's business, trade, or profession are actionable per se, without proof of actual damages. *Anderson v. Kammeier,* 262 N.W.2d 366, 372 (Minn. 1977).  But a plaintiff must prove the re-

maining elements to succeed in a defamation action. *Foley v. WCCO Television, Inc.,* 449 N.W.2d 497, 500 (Minn.App.1989), *review denied* (Minn. Feb. 9, 1990).

■ Allegedly defamatory statements must be included in a plaintiff's complaint. *Benson v. Northwest Airlines, Inc.,* 561 N.W.2d 530, 538 (Minn.App.1997), *review denied* (Minn. June 11, 1997).  Appellant's complaint alleges that, in the presence of others, (1) Morrison called appellant an "a—hole"; (2) Morrison called appellant a "c— sucker"; (3) Delander, speaking to another driver and referring to appellant, said, "Watch the guy.  He's going to f— you over"; and (4) Delander said appellant was "blocking the other drivers."  The district court determined that these statements were not, as a matter of law, defamatory.

■ "[S]tatements which cannot be reasonably interpreted as stating actual facts, are absolutely protected by the First Amendment." *Hunt v. University of Minn.,* 465 N.W.2d 88, 94 (Minn.App.1991) (citation omitted).  "Expressions of opinion, rhetoric, and figurative language are generally not actionable if, in context, the audience would understand the statement is not a representation of fact." *Jadwin v. Minneapolis Star & Tribune Co.,* 390 N.W.2d 437, 441 (Minn.App.1986).

■ For this reason, even vulgar language or name-calling is not necessarily defamation. *See Beatty v. Ellings,* 285 Minn. 293, 300, 173 N.W.2d 12, 16–17 (Minn.1969) ("Not all abusive or vulgar epithets * * * are inherently defamatory."); *Lund v. Chicago & N.W. Transp. Co.,* 467 N.W.2d 366, 370 (Minn.App.1991) (vulgarity is not actionable unless "especially shocking or egregious"), *review denied* (Minn. June 19, 1991); *Lee v. Metropolitan Airport Comm'n,* 428 N.W.2d 815, 821, 823 (Minn.App.1988) (comments re-

garding personal characteristics or social life not defamatory, even if more extreme than that usually encountered). For example, as a matter of law, "troublemaker" is not actionable because of its indefinite character. *McGrath v. TCF Bank Savs., FSB,* 502 N.W.2d 801, 808 (Minn.App. 1993), *modified on other grounds,* 509 N.W.2d 365 (Minn.1993). Similarly, "b--ch" is not actionable. *Lee,* 428 N.W.2d at 821.

Courts consider four factors when determining whether a statement is one of fact or opinion: (1) the precision and specificity of the statement; (2) the statement's verifiability; (3) the social and literary context of the statement; and (4) the public context in which the statement was made. *Huyen v. Driscoll,* 479 N.W.2d 76, 79 (Minn.App.1991), *review denied* (Minn. Feb. 10, 1992); *Lund,* 467 N.W.2d at 368–69.

Application of this test shows that appellant has failed to allege actionable defamatory statements. The first two statements, "a--hole" and "c---sucker" are pure vulgarity and have no basis in fact. The statements are not precise, specific, verifiable, and they were made in the context of truck deliveries at the Silgan loading docks. Although offensive, the statements are clearly statements of opinion and do not rise to the level of "especially shocking or egregious" conduct given the context in which they were made.

The third statement, Delander's remark that appellant was going to "f--- [other drivers] over" is a prediction of a future event and is not a fact capable of verification. Again, although vulgar, the statement is one of opinion.

The fourth statement, Delander's assertion that appellant was "blocking the other drivers," is also imprecise and vague. The complaint fails to explain the statement's context. Even if viewed as a precise statement of fact, appellant bears the burden of showing the statement was false. *See Rouse,* 520 N.W.2d at 410 (plaintiff must show statement's falsity).

> [A] plaintiff cannot succeed in meeting the burden of proving falsity by showing only that the statement is not literally true in every detail. If the statement is true in substance, inaccuracies of expression or detail are immaterial.

*Jadwin v. Minneapolis Star & Tribune Co.,* 390 N.W.2d 437, 441 (Minn.App.1986).

According to appellant's deposition testimony, he sometimes parked his truck in a manner that blocked other drivers but remained in the truck to move it if necessary. Because that testimony shows that Delander's alleged statement was true in substance, it is not defamatory.

Because the statements contained in appellant's complaint are not, as a matter of law, defamatory, the district court did not err by granting summary judgment to respondents on the basis that appellant failed to prove the essential elements of his defamation claim.

## II.

Appellant argues that the district court abused its discretion by failing to allow him to amend his complaint. The decision whether to permit a party to amend the pleadings is within the district court's discretion, and we will not disturb that decision absent a clear abuse of that discretion. *Warrick v. Giron,* 290 N.W.2d 166, 169 (Minn.1980).

A party may amend a pleading by leave of court. Minn. R. Civ. P. 15.01. A motion to amend a complaint is properly denied when the additional claim could not survive summary judgment. *See M.H. v. Caritas Family Servs.,* 488 N.W.2d 282, 290 (Minn.1992) (upholding denial of mo-

tion to add tort claim when no facts supported claim). In addition, the liberality to be shown in the allowance of amendments to pleadings depends in part upon the stage of the action and in a great measure upon the facts and circumstance of the particular case. *Dale v. Pushor,* 246 Minn. 254, 262, 75 N.W.2d 595, 601 (1956).

This action commenced in September 1999. Appellant filed his motion to amend the complaint on October 27, 2000, one week after respondents filed their motion for summary judgment. Appellant sought to add the following allegations:

(1) Delander and Morrison told their supervisor that appellant had a "habit of cutting in front of people," was "impatient," and had "cut off other drivers."

(2) Delander and Morrison made "derogatory remarks" about appellant's reputation as a truck driver to Silgan employees.

(3) Delander and Morrison made "derogatory remarks" about appellant's reputation to appellant's fellow employees.

The district court concluded that these new allegations did not identify specific statements alleged to be defamatory, rather, they referred generally to "derogatory remarks," and therefore added nothing to the original complaint. Less than two months before trial, the proposed amendment at issue offered only general, nonspecific, criticisms of appellant not anchored to time, place or detail.

We believe that the district court acted within its discretion. The additional allegations are vague. Moreover, granting the motion to amend the complaint, brought less than two months before the December 19, 2000 trial date, would have prejudiced respondent because additional discovery would have been necessary. We conclude that the district court did not clearly abuse its discretion by denying appellant's motion.

## DECISION

Appellant failed to show that a genuine issue of material fact exists as to whether his employer suspended his employment. The district court did not err by granting summary judgment to respondents on appellant's tortious-interference-with-contract claim because appellant failed to establish (1) there was a genuine issue of material fact concerning suspension and (2) breach of his at-will employment contract. The district court did not err by granting summary judgment to respondents on appellant's defamation claims because respondents' alleged statements were not defamatory. Finally, the district court acted within its broad discretion by denying appellant's motion to amend the complaint because the proposed amendment added nothing to the original complaint would have prejudiced respondents.

Affirmed.