*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1860**

FIA Card Services, N. A.,
Respondent,

vs.

Charles T. Gholl,
Appellant.

**Filed July 14, 2014
Affirmed
Kirk, Judge**

Hennepin County District Court
File No. 27-CV-13-1180

Mark G. Schroeder, Briggs and Morgan, P.A., Minneapolis, Minnesota (for respondent)

Charles T. Gholl, Minneapolis, Minnesota (pro se appellant)

Considered and decided by Kirk, Presiding Judge; Hooten, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Pro se appellant cardholder challenges the district court's grant of summary judgment in favor of respondent credit-card issuer under the account-stated theory, arguing that (1) genuine issues of material fact exist concerning the amount owed on the

account; (2) the affidavit of a custodian of records for the credit-card issuer was improperly admitted into evidence; (3) the district court improperly denied his request to conduct additional discovery; and (4) the district court erred in dismissing his counterclaims. Because there are no genuine issues of material fact in dispute and the district court did not err in its application of the law, we affirm.

## D E C I S I O N

On appeal from summary judgment, this court reviews whether there are any genuine issues of material fact and if the district court erred in its application of the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76 (Minn. 2002). We view the evidence in the light most favorable to the party against whom summary judgment was granted and review de novo whether a genuine issue of material fact exists. *Id.* at 76–77. We also review de novo whether the district court erred in its application of the law. *Id.* at 77. "Once the moving party has made a prima facie case that entitles it to summary judgment, the burden shifts to the nonmoving party to produce specific facts that raise a genuine issue for trial." *Bebo v. Delander*, 632 N.W.2d 732, 737 (Minn. App. 2001), *review denied* (Minn. Oct. 16, 2001).

### *Basis for summary judgment under the account-stated doctrine*

Appellant Charles T. Gholl challenges the district court's grant of summary judgment to respondent FIA Card Services, N.A., arguing that it misapplied the doctrine of account stated. Gholl alleges that there are genuine issues of material fact concerning whether FIA mailed him his 2011 monthly statements and whether the final monthly statement accurately reflects the amount owed.

Under Minnesota law, an account stated is an alternative means of establishing liability for a debt other than recovery pursuant to a contract claim. *Am. Druggists Ins. v. Thompson Lumber Co.*, 349 N.W.2d 569, 573 (Minn. App. 1984). An account stated is a manifestation of an agreement between a debtor and a creditor that a stated amount is an accurate computation of an amount due. *Cherne Contracting Corp. v. Wausau Ins. Cos.,* 572 N.W.2d 339, 345 (Minn. App. 1997), *review denied* (Minn. Feb. 19, 1998). "A party's retention without objection for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent." *Lampert Lumber Co. v. Ram Constr.*, 413 N.W.2d 878, 883 (Minn. App. 1987) (quotation omitted). An account stated constitutes prima facie evidence of the debtor's liability and can be challenged only by a showing of fraud or mistake. *Erickson v. Gen. United Life Ins. Co.*, 256 N.W.2d 255, 259 (Minn. 1977).

In 1995, Gholl opened a credit-card account with Bank of America. In 2006, FIA, a wholly owned subsidiary of Bank of America, began servicing Gholl's credit-card account. In 2007, Gholl wrote a $77,000 check payable to himself from his account. In 2010, Gholl made monthly payments on the outstanding balance, but he never paid the balance in full and he transferred additional debt onto the account. Gholl made a final payment on the account in December 2010. By July 2011, the outstanding balance had grown to $84,969.33. FIA sent Gholl notices informing him that he had 60 days to object to a charge on his account in writing, but Gholl never did. Gholl's monthly statements from September 2010 through July 2011 referenced the same Minneapolis mailing address that Gholl used for his pleadings before the district court.

3

This evidence conclusively shows that Gholl not only manifested assent to the account with FIA, but he had personal knowledge about the amount claimed to be owed on the account since 2007 and failed to timely object to the charges. Under these facts, FIA presented a prima facie case of appellant's liability under the doctrine of account stated. *See Erickson*, 256 N.W.2d at 259. Gholl failed to provide any credible evidence to dispute the balance owed on the account. Gholl submitted a personal affidavit explaining that he is a financial analyst and former litigator who had made several public prescient warnings in 2005 and 2006 about the impending housing collapse and economic recession, copies of newspaper articles about the federal government's Troubled Asset Relief Program (TARP), and a letter he wrote where he claimed that his credit-card debt may have been paid in full under TARP. But mere speculation is not enough to avoid summary judgment. *Bob Useldinger & Sons, Inc. v. Hangsleben*, 505 N.W.2d 323, 328 (Minn. 1993). The district court did not err in granting summary judgment for FIA.

### *Parnell Affidavit*

To be admissible under the business-records exception to the hearsay rule: (1) the record must be kept in the course of a regularly conducted business activity; (2) it must be the regular practice of that business activity to make that memorandum, report, record, or data compilation; and (3) foundation for this evidence must be shown by the custodian of the records or another qualified witness. Minn. R. Evid. 803(6); *see Nat'l Tea Co. v. Tyler Refrigeration Co.*, 339 N.W.2d 59, 61 (Minn. 1983). Minn. R. Evid. 803(6) does not require that a custodian of records have personal knowledge about the truth of the statements in the affidavit. *Id.* "The admission of evidence rests within the

4

broad discretion of the [district] court and its ruling will not be disturbed unless it is based on an erroneous view of the law or constitutes an abuse of discretion." *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45–46 (Minn. 1997) (quotation omitted).

Gholl argues that the affidavit signed by Wendy Parnell, a custodian of records at FIA, is inadmissible under Minn. R. Evid. 803(6) because it is a robo-signed document, and she could not have personal knowledge about the truth of the statements in the affidavit. We disagree. Gholl's mere suspicion that the affidavit is a robo-signed document is insufficient to create a genuine issue of material fact. "A genuine issue of material fact must be established by substantial evidence." *Bebo*, 632 N.W.2d at 737 (quotations omitted). The affidavit signed by the records custodian satisfies the criteria of the business-records exception. Here, FIA submitted Parnell's affidavit, which stated that, as a custodian of records, she has personal knowledge of FIA's regularly conducted business activities, and the attached records were made in the regular course of business. Included with Parnell's affidavit were copies of Gholl's account statements, the cashed $77,000 check, and the terms of the credit-card agreement. Under Minn. R. Evid. 803(6), Parnell does not need to have personal knowledge about Gholl's credit-card debt. The district court did not abuse its discretion when it determined that Parnell's affidavit is competent, admissible evidence that provided sufficient foundation for the attached records, and supports summary judgment in FIA's favor.

### Gholl's discovery requests

The district court has wide discretion to issue discovery orders and, absent a clear abuse of that discretion, its discovery orders will not be disturbed. *In re Comm'r of Pub.*

*Safety*, 735 N.W.2d 706, 711 (Minn. 2007). Gholl argues that FIA refused to comply with his discovery requests. The district court found Gholl's discovery request and request for production of documents tantamount to a fishing expedition and noted that Gholl never filed a motion to compel discovery.

The record supports the district court's determination. Minn. R. Civ. P. 26.02 provides for broad discovery in civil proceedings. *Erickson v. MacArthur*, 414 N.W.2d 406, 408 (Minn. 1987). But "[d]iscovery rules are not meant to be used for fishing expeditions." *State v. Hunter*, 349 N.W.2d 865, 866 (Minn. App. 1984) (quotation omitted). In his discovery requests, Gholl in essence asked FIA to produce documentation of every financial transaction since 2005. Gholl's discovery requests were not "reasonably calculated to lead to the discovery of admissible evidence" under Minn. R. Civ. P. 26.02(a). The district court did not abuse its discretion when it denied Gholl's discovery requests.

### Gholl's counterclaims

When reviewing a dismissal under Minn. R. Civ. P. 12.02(e), "[t]he reviewing court must consider only the facts alleged in the complaint, accepting those facts as true and must construe all reasonable inferences in favor of the nonmoving party." *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn. 2003) (citing *Marquette Nat'l Bank v. Norris*, 270 N.W.2d 290, 292 (Minn. 1978)). "The standard of review is . . . de novo." *Id.*

Gholl asks this court in the interests of public policy to allow his counterclaim against FIA for predatory lending practices, failure to disclose material information,

6

misstatements, and negligence to continue.  But Gholl does not state any facts in his counterclaim to explain how FIA committed these acts.  The only facts Gholl states in his counterclaim is that he is a professional investor who successfully litigated matters involving corporate concealment and misrepresentation in a 2005 case in Delaware.  Here, it was appropriate for the district court to dismiss Gholl's counterclaim because he did not allege any facts to support his allegations against FIA.

**Affirmed.**