*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0727**

Eunice Smith,
Relator,

vs.

Department of Employment and Economic Development,
Respondent.

**Filed March 16, 2015
Affirmed
Rodenberg, Judge
Dissenting, Chutich, Judge**

Department of Employment and Economic Development
File No. 32104537-2

Erick G. Kaardal, Mohrman, Kaardal & Erickson, P.A., Minneapolis, Minnesota (for relator)

Lee B. Nelson, Munazza Humayun, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Chutich, Judge; and Toussaint, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Relator Eunice Smith challenges a Minnesota Department of Employment and Economic Development (DEED) unemployment law judge's (ULJ) decision that she owes a debt recoverable under the Minnesota Revenue Recapture Act. We affirm.

**FACTS**

This is relator's second certiorari appeal concerning her application for and receipt of unemployment benefits for most weeks between December 26, 2010 and October 8, 2011. Questions arose concerning relator's eligibility to receive benefits, and several hearings were held to determine whether she had been overpaid. On December 28, 2012, a ULJ found that (1) relator performed 32 hours or more of services in a week during the December 2010 to October 2011 timeframe and had been overpaid unemployment benefits; (2) relator was overpaid benefits through fraud; and (3) the overpayment was $15,553.00. On January 7, 2013, the same ULJ issued a separate order determining that relator had been overpaid benefits through fraud and imposed a fraud penalty of $5,360.40. Relator requested reconsideration of both orders. On April 16, 2013, the ULJ affirmed the January 7, 2013 order. On April 19, 2013, the ULJ affirmed the December 28, 2012 order.

Relator appealed by certiorari, and respondent DEED submitted a letter in lieu of a respondent's brief stating that DEED supported a reversal of the ULJ's decision finding fraud. DEED asserted that there were two potential issues in the case: whether relator was overpaid benefits because she worked more than 32 hours per week, and whether she

2

committed fraud. DEED's letter asserted that "[r]elator's brief does not argue that [relator] was not overpaid benefits, but instead argues that the ULJ erred by failing to properly notice the fraud issue. [DEED] agrees, but further contends that the record would not support a finding of fraud, and therefore urges reversal."

After receiving the letter from DEED, we issued an order on October 31, 2013 expediting and assigning the case to a special term panel. The order stated that relator had requested an oral hearing but that

> in light of DEED's agreement that the ULJ erred and that this court should reverse the fraud decision, "the facts and legal arguments [are] adequately presented by the briefs and record and the decisional process would not be significantly aided by oral argument." Minn. R. Civ. App. P. 134.01. Consequently, oral argument is not necessary.

Relator did not object to our order of October 31.

A special term panel of our court issued an order opinion, signed on November 20, 2013, and filed the following day, reversing the "April 16, 2013 decision on reconsideration." *Smith v. DEED*, No. A13-0797 (Minn. App. Nov. 21, 2013). The order opinion also states: "A hearing was held, after which the ULJ issued two orders . . . . The ULJ affirmed, following Smith's request for reconsideration, and Smith does not contest the overpayment decision." *Id.* Neither relator nor DEED petitioned the supreme court for further review.

On November 29, 2013, DEED sent relator a notice of revenue recapture, identifying a claimed overpayment of $23,199.40. The parties agree that this amount was later reduced to $15,553, consistent with our November 20 order opinion, but the record

3

on appeal is unclear as to how that amendment was made by DEED. In any event, relator timely appealed the revenue recapture notice and an evidentiary hearing was held to determine whether the requirements of the Minnesota Revenue Recapture Act were followed concerning relator's debt. At the hearing, relator asserted that, because our November 20 order opinion had reversed both the fraud determination and the overpayment finding, she owed no debt.

The ULJ determined that our order opinion "reversed the ULJ's decision concerning the fraud penalty," that the remaining debt of $15,553 due to the overpayment finding is properly recoverable, and that "[t]he procedures of the Revenue Recapture Act have been complied with."

Relator sought reconsideration of the ULJ's decision. On April 9, 2014, the ULJ affirmed the February 13, 2014 decision, stating, in the accompanying memorandum, that relator "does not disagree that the agency acted in compliance with the procedures of the Revenue Recapture Act. Instead, it is asserted that no debt is owed. However, that is not the issue." This certiorari appeal followed.

## DECISION

Relator argues on appeal that she owes no debt because the November 20 order opinion reversed without remand and therefore eliminated any debt owed to DEED for overpaid benefits. DEED argues that the November 20 order opinion reversed only the fraud penalty and that the remaining debt is properly subject to recapture. Both parties agree that the Minnesota Revenue Recapture Act procedures were followed and that the sole issue on appeal is whether relator owes a debt.

4

The Minnesota Revenue Recapture Act allows a state agency to satisfy a debt owed to an agency through the Minnesota Department of Revenue. Minn. Stat. §§ 270A.01–.12 (2014). "Debt" is defined as a "legal obligation of a natural person to pay a fixed and certain amount of money, which equals or exceeds $25 and which is due and payable to a claimant agency." Minn. Stat. § 270A.03, subd. 5(a).

We may reverse or modify a ULJ's decision when a relator's substantial rights have been prejudiced. Minn. Stat. § 268.105, subd. 7(d) (2014). A relator's substantial rights may have been prejudiced if the findings, inferences, conclusion, or decision are in violation of constitutional provisions, made upon unlawful procedure, in excess of the statutory authority or jurisdiction of the department, affected by an error of law, unsupported by substantial evidence in view of the entire record as submitted, or arbitrary or capricious. *Id.* We view the ULJ's underlying factual findings in the light most favorable to the decision and will not disturb them when they are supported by substantial evidence. *Peterson v. Nw. Airlines Inc.*, 753 N.W.2d 771, 774 (Minn. App. 2008), *review denied* (Minn. Oct. 1, 2008).

In relator's previous appeal, we expedited the case to special term, concluding that oral argument was not necessary because the only issue on appeal, the fraud determination, was conceded by DEED.

The November 20 order opinion states:

> A hearing was held, after which the ULJ issued two orders. In the first order, the ULJ found that Smith worked at least 32 hours per week for Progressive, making her ineligible for benefits and resulting in an overpayment determination. *See* Minn. Stat. § 268.085, subd. 2(6) (2012) (providing that an

5

applicant who works 32 or more hours a week is ineligible for benefits regardless of the amount of earnings from that period). *The ULJ affirmed, following Smith's request for reconsideration, and Smith does not contest the overpayment decision.*

*Smith v. DEED*, No. A13-0797 (Minn. App. Nov. 21, 2013) (emphasis added).

At the conclusion of that order opinion, we state:

IT IS HEREBY ORDERED:

1. The unemployment law judge's April 16, 2013 decision on reconsideration is reversed.

2. Pursuant to Minn. R. Civ. App. P. 136.01, subd. 1(b), this order opinion will not be published and shall not be cited as precedent except as law of the case, res judicata, or collateral estoppel.

*Id.*

When an appellate court rules on an issue, the decision becomes "the law of the case" in subsequent proceedings in that case and the issue "may not be relitigated or re-examined." *Kissoondath v. United States Fire Ins. Co.*, 620 N.W.2d 909, 917 (Minn. App. 2001) (quotations omitted), *review denied* (Minn. Apr. 17, 2001). Our 2013 order opinion clearly and explicitly concludes that relator did not dispute the overpayment decision, and we reversed only the April 16, 2013 DEED order that determined the fraud penalty.

Neither party petitioned the Minnesota Supreme Court for discretionary review of the November 20 order opinion. If either party believed our order to be inconsistent or incorrect, a petition for discretionary review was available. *See, e.g.*, *McGrath v. TCF Bank Sav.*, 509 N.W.2d 365, 365 (Minn. 1993) (granting review "for the sole purpose of

6

clarifying the decision of the court of appeals"); *Bobey v. City of Minneapolis*, 472 N.W.2d 337, 338 (Minn. 1991) (granting further review for limited purpose of examining portion of this court's decision regarding sanctions). With no further review, our decision became the law of the case and a final determination of the issues, including the debt owed as a result of relator having been overpaid unemployment benefits.

Relator essentially asks us to reexamine the issues we previously determined. We decline to do so. Our 2013 order is clear and unambiguous in stating that relator was not contesting the overpayment decision and in reversing the April 16, 2013 order. Our review in this appeal is constrained by statute. Minn. Stat. § 168.105, subd. 7(d). This is an appeal from the April 9, 2014 decision of the ULJ affirming the existence of a debt properly subject to revenue recapture. It is not our proper role to revisit our earlier final determination for arguably equitable reasons. *See* Minn. Stat. § 268.069, subd. 3 (2014) (stating that "[t]here is no equitable or common law denial or allowance of unemployment benefits"); *Lake George Park, L.L.C. v. IBM Mid-Am. Emps. Fed. Credit Union*, 576 N.W.2d 463, 466 (Minn. App. 1998) (stating that "[t]his court, as an error correcting court, is without authority to change the law"), *review denied* (Minn. June 17, 1998); *LaChapelle v. Mitten*, 607 N.W.2d 151, 159 (Minn. App. 2000) (stating that "[b]ecause this court is limited in its function to correcting errors[,] it cannot create public policy"), *review denied* (Minn. May 16, 2000). There simply is no equitable exception to the law-of-the-case doctrine.

Because the November 20 order opinion is unambiguous in reversing relator's fraud penalty and determining that relator had not appealed or argued the overpayment

7

issue, the law of the case requires that we conclude that a debt exists and that it is recoverable under the Minnesota Revenue Recapture Act.

**Affirmed.**

**CHUTICH,** Judge (dissenting)

I respectfully dissent because I disagree with the majority about the effect of our previous order dated November 20, 2013. Without attacking that order collaterally, I note that the plain terms of the order unambiguously *reversed* the unemployment-law judge's April 16, 2013 decision on reconsideration. The reconsideration order, in turn, reaffirmed an order dated January 7, 2013, in which the unemployment-law judge specifically considered not only the fraud issue, but also the issue of whether Eunice Smith performed 32 hours or more of services in a week.

Moreover, the January 7 order contained language suggesting that it was a consolidation of the previous decision (issued on December 28, 2012) that pertained to the same two issues (fraud and overpayment), but was simply issued to inform Smith of the *amount* of the fraud penalty. The January 7 order stressed in capitalized print:

> THE DECISION ON THIS ISSUE WAS DONE IN ORDER TO CORRECTLY IMPLEMENT THE APPEAL DECISION IN THE SYSTEM AND TO INFORM THE APPLICANT OF THE AMOUNT OF THE FRAUD PENALTY. BECAUSE THIS ISSUE IS LINKED TO THE DECISION ON ISSUE 30612598, THE TWO ISSUES WILL BE TREATED AS ONE. THIS ISSUE WILL BE PART OF THE APPLICANT'S REQUEST FOR RECONSIDERATION ON ISSUE 30612598.

Smith properly sought reconsideration of this decision, and her appellate brief, while not a model of clarity, raised the overpayment issue, as well as contested the assessment of fraud. The department claimed that Smith only raised the fraud assessment, and we agreed in our order. But given the language of the underlying

January 7 order treating the issues of fraud and overpayment as one, the relief granted in our November 20, 2013 order reversed the consolidated January 7 order in its entirety. Because I would hold, as a matter of law, that no underlying overpayment existed, the remedy of revenue recapture was therefore not available to the department.

Finally, I believe that this result comports with basic fairness. This proceeding was an astounding procedural morass. As the department itself conceded, this record "spanned an astonishing 440 pages, during which the parties often expressed confusion over what the issues were and what [the ULJ] was doing. . . . The transcript in this case was extraordinarily long and dense, and complicated by the ULJ's conduct." The lack of clarity in the unemployment-law judge's written decisions only furthered the confusion. For these reasons, I would reverse the decision of the unemployment-law judge that a debt existed that could be subject to revenue recapture.