*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0631**

In re the Matter of the Petition of Nationstar Mortgage, LLC,
For a New Certificate of Title After Mortgage Foreclosure Sale

**Filed November 23, 2015
Affirmed
Larkin, Judge**

Hennepin County District Court
File No. 27-ET-CV-14-462

Paul Quale, Julie Quale, c/o Butler Liberty Law, LLC, Minneapolis, Minnesota (pro se appellants)

Jared D. Kemper, Dykema Gossett PLLC, Minneapolis, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Larkin, Judge; and Randall, Judge.[*]

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

In this proceeding subsequent for a new certificate of title to real estate, appellants challenge the district court's grant of summary judgment for respondent. We affirm.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

FACTS

On July 3, 1972, the Hennepin County Registrar of Titles issued a certificate of title to appellants Paul and Julie Quale as joint tenants of property located at 11568 Fetterly Lane, Minnetonka, Minnesota and legally described as "Lot 3, Block 1, Fetterly Woods, Hennepin County, Minnesota." On August 31, 2006, the Quales granted a mortgage on the property to Mortgage Electronic Registration Systems Inc. (MERS) as nominee for MILA Inc. In September 2006, the mortgage was recorded with the Hennepin County Registrar of Titles. The mortgage was subsequently assigned to Aurora Loan Services LLC (Aurora), and the assignment was recorded in May 2012.

Because the Quales had defaulted under the terms of the mortgage, Aurora initiated foreclosure proceedings by advertisement in May 2012. A sheriff's sale was held on August 13, and Aurora was the successful purchaser of the property, subject to a six-month redemption period. The Quales did not redeem the property.

In February 2013, the Quales sued Aurora in Hennepin County District Court, challenging the validity of the foreclosure. The case was removed to the United States District Court for the District of Minnesota. On April 9, Aurora deeded the property by limited warranty deed to respondent Nationstar Mortgage LLC (Nationstar). On June 20, the federal district court dismissed the Quales' suit against Aurora with prejudice. *Quale v. Aurora Loan Servs., LLC*, Civil No. 13-621 (JNE/AJB), 2013 WL 3166584 (D. Minn. June 20, 2013).

On April 10, 2014, the United States Court of Appeals for the Eighth Circuit affirmed the federal district court's order and judgment dismissing the Quales' suit

against Aurora. *Quale v. Aurora Loan Servs., LLC*, 561 Fed. App'x. 582 (8th Cir. 2014) (unpublished per curiam). On April 29, Nationstar initiated an eviction action in district court because the Quales remained on the property despite the expiration of the redemption period. The district court stayed the issuance of a writ of recovery of premises, conditioned on the Quales posting a bond and making monthly payments. The Quales did not satisfy the conditions of the stay, and Nationstar took possession of the property on October 10. The Quales appealed the eviction order, arguing that Nationstar did not have standing to bring an eviction action and that the transfer of title from Aurora to Nationstar was void. This court affirmed. *Nationstar Mortg., LLC v. Quale*, A14-1227 (Minn. App. Mar. 2, 2015). On May 12, Nationstar recorded its limited warranty deed.

In the current action, Nationstar petitioned the district court for an order directing the registrar of titles to cancel the Quales' certificate of title and to issue a new certificate of title to Nationstar. The Quales filed an answer and counterclaim, arguing that the foreclosure was void, seeking a determination of adverse claims and declaratory judgment, and asserting various statutory violations. The Quales asked the district court to dismiss Nationstar's petition and to void the foreclosure and Nationstar's claim to possession. Nationstar replied that the Quales' claims were barred under the doctrines of res judicata and collateral estoppel, relying on the federal court's dismissal of the Quales' lawsuit against Aurora. Nationstar moved for judgment on the pleadings or summary judgment. The district court granted Nationstar's motion for summary judgment,

concluding that the Quales' counterclaims and challenge to the validity of the foreclosure were barred by res judicata and collateral estoppel. This appeal follows.

## D E C I S I O N

On appeal from summary judgment, this court reviews whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76 (Minn. 2002). "Once the moving party has made a prima facie case that entitles it to summary judgment, the burden shifts to the nonmoving party to produce specific facts that raise a genuine issue for trial." *Bebo v. Delander*, 632 N.W.2d 732, 737 (Minn. App. 2001), *review denied* (Minn. Oct. 16, 2001). This court views the evidence in the light most favorable to the party against whom summary judgment was granted and reviews de novo whether a genuine issue of material fact exists. *STAR Ctrs.*, 644 N.W.2d at 76-77.

The Quales contend that the district court erred by granting summary judgment to Nationstar based on res judicata. This court reviews the application of res judicata de novo. *Rucker v. Schmidt*, 794 N.W.2d 114, 117 (Minn. 2011).

> Res judicata applies as an absolute bar to a subsequent claim when: (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter.

*Id.* (footnote omitted). Res judicata is a bar not only to issues actually litigated in the previous action, but also issues which could have been litigated. *Mattson v. Underwriters at Lloyds of London*, 414 N.W.2d 717, 719 (Minn. 1987).

4

The first three elements of res judicata are satisfied. The earlier lawsuit involved the same set of factual circumstances; the Quales challenged the validity of the underlying foreclosure in both suits. The earlier lawsuit also involved the same parties or their privies. Nationstar is a successor in interest to Aurora, which makes it in privity to a party in the earlier action. *See Margo-Kraft Distribs., Inc. v. Minneapolis Gas Co.*, 200 N.W.2d 45, 47-48 (Minn. 1972) ("Those in privity would include . . . successors in interest to those having derivative claims. . . .") (quotation omitted). Finally, the earlier lawsuit was dismissed with prejudice, which operates as an adjudication on the merits. *See Johnson v. Hunter*, 447 N.W.2d 871, 873 (Minn. 1989) (stating that dismissal with prejudice is an adjudication on the merits and "can form the basis for res judicata").

The Quales primarily focus on the fourth element of res judicata, that is, whether they had a full and fair opportunity to litigate their earlier lawsuit. The determination of whether a party had a full and fair opportunity to litigate "generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001) (quotation omitted).

The Quales argue that "procedural limitations, namely, the federal *Iqbal/Twombly* Rule 12 standard, prevented [the Quales] from receiving a full and fair adjudication of their claims." The Quales are correct that the federal pleading standard is stricter than Minnesota's pleading standard. Under the federal standard, a pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

5

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Under the Minnesota standard, a pleading is sufficient "if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 603 (Minn. 2014). However, the federal court's heightened pleading standard was not a significant procedural limitation in the Quales' initial suit because the pleading standard did not influence the federal court's dismissal. The federal court dismissed the Quales' lawsuit on the merits, concluding that it was "based on the discredited show-me-the-note theory."[1] *Quale*, 2013 WL 3166584, at *1.

The Quales also argue that the federal court did not allow them to conduct discovery regarding the mortgage and assignments. The lack of discovery did not deprive the Quales of a full and fair opportunity to litigate because as a matter of law, their lawsuit had no merit.

Lastly, the Quales argue that the federal court did not have jurisdiction over their initial lawsuit because the property at issue is Torrens property. Res judicata applies only if a claim has been decided "by a court of competent jurisdiction." *Kaiser v. N. States Power Co.*, 353 N.W.2d 899, 902 (Minn. 1984) (quotations omitted). The Quales argue that "Minnesota State courts have original exclusive jurisdiction over actions relating to title of Torrens property." They rely on Minn. Stat. § 508.10 (2014), which states:

> An application for registration shall be addressed to the district court in and for the county wherein the land described therein is situated. The district court shall have original exclusive jurisdiction thereof, and of all proceedings

---

[1] The Minnesota Supreme Court has also rejected the "show-me-the-note" argument. *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 501 (Minn. 2009).

thereunder, and full power to inquire into the title of the land, and any right, title, interest, or estate therein, and any lien, charge, or encumbrance thereon.

Contrary to the Quales' argument, the plain language of the statute does not grant the state district court continuous and exclusive jurisdiction over all claims involving Torrens property. The statute applies only to "an application for registration" and "proceedings thereunder." Minn. Stat. § 508.10. The property in this case was registered in 1972, and the Quales' initial lawsuit did not involve an application to register the land or a proceeding thereunder. Minn. Stat. § 508.10 therefore did not deprive the federal district court of jurisdiction over the Quales' initial suit.

Because the district court properly granted summary judgment for Nationstar on the basis of res judicata, we affirm.

**Affirmed.**