George **BARTON**, Respondent,

v.

John **PFAFF**, Appellant.

No. 49780.

Supreme Court of Minnesota.

April 18, 1980.

Rehearing Denied May 13, 1980.

Maun, Green, Hayes, Simon, Murray & Johanneson, and Jerome B. Simon, St. Paul, for appellant.

Robins, Davis & Lyons, Minneapolis, Michael V. Ciresi, St. Paul, and Maury S. Landsman, Minneapolis, for respondent.

---

Heard before KELLY, TODD, and WAHL, JJ., and considered and decided by the court en banc.

TODD, Justice.

George Barton brought an action against his son-in-law, John Pfaff, alleging that he was the equitable owner of a certain apartment building and that proceeds from sale of the building belonged to him. Legal title to the building was in the names of John Pfaff and Beverly Pfaff as cotenants. Beverly is John Pfaff's wife and Barton's daughter. She was not named as a party to the suit, however.[1] The trial court determined that Barton was the owner of John Pfaff's interest and ordered him to convey his interest in the title to Barton. After making certain deductions from the sale proceeds, the court also entered a money judgment against John Pfaff for the balance of the proceeds. We affirm as to the determination that Barton is the equitable owner of John Pfaff's interest in the building, but we reverse and remand the remainder of the judgment for entry consistent with this opinion.

We perceive no reason to greatly detail the facts. We have reviewed the record and are satisfied that the finding of the trial court on the issue of Barton's equitable ownership of John Pfaff's interest in the building is completely consistent with the evidence. However, we are concerned with the money judgment awarded by the trial court.

The trial court deducted $10,534.85, plus interest, from the proceeds of the sale as the sum of money paid out for final settlement of the bank mortgage, repairs to the building, and so forth. The court also set off from the proceeds owed by John the amount of $2,889.83, plus interest, because John had paid the amount to redeem the note given as a downpayment when the property was originally purchased. The court, however, denied John a deduction for a reasonable sales commission, plus interest, incurred in selling the building.

The judgment directs that John convey his interest in the property to Barton. We presume this means that John must convey his undivided one-half interest in the property because Beverly, as a cotenant, owned an undivided one-half interest in the property which John is powerless to convey. However, in entering the money judgment against John, the court treated him as the sole owner of the property. Since this does not comport with the facts, we must reverse that portion of the judgment and remand to the trial court with instructions that the money judgment be corrected. As a legal cotenant, John possessed only a one-half interest in the sale proceeds. Likewise, John should only receive credit for one-half of the closing expenses allowed to be deducted by the court. These expenses should have included the $2,889.83, plus interest, paid to satisfy the downpayment note because the note was signed by John and Beverly with joint and severable liability.

Finally, we are satisfied that the real estate commission paid for the sale of the property is a legitimate deduction, and John Pfaff should be allowed a credit for one-half thereof.

Affirmed in part; reversed in part; and remanded for entry of judgment consistent with this opinion.

---

1. We are informed that separate litigation is now pending in the district court by George Barton against Beverly Pfaff, raising the identical issues presented in this case.