**George BARTON, Respondent,**

v.

**Beverly PFAFF, Appellant.**

**No. 82–25.**

Supreme Court of Minnesota.

Nov. 12, 1982.

Rooney & Neilson and Thomas J. Rooney, St. Paul, for appellant.

Robins, Zelle, Larson & Kaplan, Michael V. Ciresi and John N. Love, Minneapolis, for respondent.

TODD, Justice.

George Barton seeks recovery against his daughter, Beverly Pfaff, in accordance with an earlier decision of this court. *See Barton v. Pfaff,* 292 N.W.2d 286 (Minn.1980). In that case we determined that John Pfaff, Beverly's husband, was an accomodation party and Barton was entitled to judgment to recover profit from the sale of certain real estate. However, since Barton had not named his daughter as a defendant, and she was a co-owner of the property, we limited his right of recovery in that action to one-half of the profit which represented the share of the defendant, John Pfaff.

The trial court granted a motion for summary judgment brought by Barton on the grounds that Beverly Pfaff was in privity with John Pfaff and was bound by the prior decision.

Before judgment was entered, the court agreed to consider an additional affidavit of Beverly Pfaff. Based on this affidavit, and though he concluded the plaintiff would probably prevail, the trial judge found there was a fact question to be determined. He then set the matter on for hearing, upon the condition that the defendant post a bond in the amount of $35,000. Defendant did not post the bond. Judgment was entered, and this appeal ensued. We reverse.

Once the trial judge determined that there was a factual dispute, summary judgment could not be entered. *Rakness v. Swift and Company,* 275 Minn. 451, 147 N.W.2d 567 (1966). The defendant had a right to be heard. Under the facts of this case there is no basis in law to condition the exercise of a litigant's rights on the posting of a bond. The matter is remanded to the trial court for a hearing on the merits without any condition as to posting of a bond.

Reversed.