# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-0304
# A14-0620

The Bank of New York Mellon, f/k/a The Bank of New York,
as Trustee for The Certificateholders of CWABS Inc.,
Asset-backed Certificates, Series 2007-6,
Respondent,

vs.

Alan G. Keiran, et al.,
Appellants,

Provincial Bank, et al.,
Defendants.

**Filed April 6, 2015**
**Reversed and remanded**
**Schellhas, Judge**

Dakota County District Court
File No. 19HA-CV-11-6412

Christina M. Snow, David R. Mortensen, Wilford, Geske & Cook, P.A., Woodbury, Minnesota (for respondent)

Jeramie Richard Steinert, Steinert, P.A., Minneapolis, Minnesota (for appellants)

Considered and decided by Schellhas, Presiding Judge; Stauber, Judge; and Hooten, Judge.

## S Y L L A B U S

A district court may not grant summary judgment based on a party's failure to satisfy the conditions of a court-ordered bond required to stay foreclosure proceedings unless the court first determines that no genuine issue of material fact exists.

**O P I N I O N**

**SCHELLHAS**, Judge

In this mortgage foreclosure case, appellants argue that summary judgment cannot withstand de novo review. We reverse and remand for further proceedings consistent with this opinion.

**FACTS**

Appellants Alan and Mary Jane Keiran own real property located at 7820 200th Street West, Lakeville, Minnesota. On December 30, 2006, Keirans granted Home Capital Inc. a mortgage against the property to secure payment of a $404,000 promissory note signed by Alan Keiran. BAC Home Loan Servicing LP, a subsidiary of Bank of America, was Home Capital's servicing agent. Home Capital assigned the promissory note to Countrywide Home Loans Inc., and the note was subsequently assigned to respondent Bank of New York Mellon (BNY Mellon). BAC remained the servicing agent. On August 4, 2011, Mortgage Electronic Registration Systems Inc., as Home Capital's nominee, assigned the mortgage to BNY Mellon.

Meanwhile, Keirans ceased making payments on the mortgage loan and, on October 8, 2009, sent Home Capital and BAC letters, purporting to rescind the mortgage loan on the bases that they were not provided "[s]ufficient correct copies of a Truth in Lending Disclosure Statement . . . in a manner [they] could retain" and that "[they] did not receive the correct Truth in Lending Disclosure Statements." Keirans alleged that "failure to provide effective notice of these mandatory disclosures effectively extend[ed] their] rescission rights." On January 7, 2010, BAC sent Keirans a letter, enclosing copies

2

of various documents and informing Keirans that their "request to rescind the mortgage loan transaction [wa]s denied."

In October 2010, Keirans sued Home Capital, BAC, and BNY Mellon in federal district court, alleging violations of the Truth in Lending Act and seeking a declaration that their rescission is valid, termination of any security interest in the property, an injunction against non-judicial foreclosure proceedings, and monetary damages. The defendants moved for summary judgment, and on November 30, 2011, the federal district court granted the defendants' motion on the basis that Keirans failed to commence their lawsuit prior to the end of the three-year period of repose under 15 U.S.C. § 1635(f). Keirans appealed the summary judgment to the United States Court of Appeals for the Eighth Circuit.

While Keirans' appeal in the Eighth Circuit was pending, BNY Mellon commenced a foreclosure by action against Keirans in state district court, seeking a monetary judgment, a decree of foreclosure, and a deficiency judgment. Keirans answered, moved for a stay of proceedings pending their appeal to the Eighth Circuit, and asserted as affirmative defenses their rescission of the mortgage loan, res judicata, and collateral estoppel. BNY Mellon moved for summary judgment, and Keirans responded to the motion, arguing that they had successfully rescinded the mortgage loan. Keirans requested that the state district court either deny BNY Mellon's motion or stay the proceedings and order Keirans "to post a reasonable bond consistent with the fair market rental value of the property, or some other reasonable monthly mortgage-like payment in an amount to be determined by the Court." On December 13, 2012, the court denied BNY

3

Mellon's motion for summary judgment, stayed the proceedings until the Eighth Circuit issued an opinion, and ordered Keirans to "pay a monthly bond in the amount of $4,020.80 while the stay is in effect."

On July 12, 2013, the Eighth Circuit affirmed the federal district court's grant of summary judgment; subsequently, BNY Mellon again moved for summary judgment in state district court. At a hearing on October 14, Keirans requested a continuance, advising the court that they intended to petition for certiorari review by the United States Supreme Court and had obtained an extension to file their petition. The court granted a continuance and scheduled a status hearing for January 3, 2014. The court also addressed Keirans' failure to pay the monthly bond amount, stating that "if the bond is not posted, we're done." And in an order filed October 14, the court stated that Keirans must "pay the outstanding bond balance of monthly bond in the amount of $40,208 by November 15, 2013" and that "[f]ailure to make payment by November 15, 2013 will result in the lifting of the stay ordered on December 7, 2012." Also at the October 14, 2013 hearing, the court granted leave to BNY Mellon to amend its complaint to include a homestead-designation notice, required under Minn. Stat. § 582.041, subd. 2 (2014), which was omitted from the original complaint.[1] Keirans stipulated to the amended complaint.

---

[1] We cite the most recent version of this statute because it has not been amended in relevant part. *See Interstate Power Co. v. Nobles Cnty. Bd. Of Comm'rs*, 617 N.W.2d 566, 575 (Minn. 2000) (stating that, generally, "appellate courts apply the law as it exists at the time they rule on a case").

Keirans failed to pay the outstanding bond amount, and on December 20, 2013, the district court lifted the stay of the foreclosure proceedings and granted BNY Mellon summary judgment. By letter, dated February 10, 2014, BNY Mellon moved for a corrected order under Minn. R. Civ. P. 60.01 and submitted a proposed amended order, judgment, and decree to the court. On February 10, the court adopted BNY Mellon's proposed amended order, judgment, and decree verbatim, along with paragraph numbering errors and factual findings supported by affidavits attached to BNY Mellon's motion. BNY Mellon mailed its motion to Keirans, who claim that they did not receive notice of the motion until after the court had signed the amended order, judgment, and decree. Keirans separately appealed the December 20, 2013 judgment and the February 10, 2014 amended judgment. This court has consolidated the appeals.

On January 20, 2015, the United States Supreme Court granted certiorari review of the Eighth Circuit's opinion affirming summary judgment, vacated judgment, and remanded to "the Eighth Circuit for further consideration in light of *Jesinoski v. Countrywide Home Loans*, 574 U.S. ___, 135 S. Ct. 790, 190 L.E.2d 650 (2015)." *Keiran v. Home Capital, Inc.*, 135 S. Ct. 1152, 1152 (Jan. 20, 2015). In *Jesinoski*, the Supreme Court determined "that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years." 135 S. Ct. 790, 792.

## ISSUES

I.     Did the district court properly exercise jurisdiction in this case?

5

II.     Did the district court err by entering summary judgment against Keirans upon their failure to satisfy the conditions of the court-ordered bond without first determining that no genuine issue of material fact exists?

**ANALYSIS**

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, establishes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Citizens State Bank Norwood Young Am. v. Brown*, 849 N.W.2d 55, 61 (Minn. 2014); *see also* Minn. R. Civ. P. 56.03. "[Appellate courts] review de novo a district court's grant of summary judgment," *Dukowitz v. Hannon Sec. Servs.*, 841 N.W.2d 147, 150 (Minn. 2014), "determin[ing] whether any genuine issues of material fact exist and whether the district court erred in its application of the law," *Bearder v. State*, 806 N.W.2d 766, 770 (Minn. 2011) (quotation omitted).

**I.**

Keirans argue that both the federal lawsuit and state lawsuit are, at least in part, in rem proceedings and that under the doctrine of prior exclusive jurisdiction, the state district court had no jurisdiction over the property because the federal lawsuit commenced first. "Jurisdiction is a question of law, which [appellate courts] review de novo." *Schatz v. Interfaith Care Ctr.*, 811 N.W.2d 643, 653 (Minn. 2012).

> [I]f . . . two suits are in rem or quasi in rem, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of

6

> the court first assuming jurisdiction, the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.

*Penn Gen. Cas. Co. v. Commonwealth of Pa. ex rel. Schnader*, 294 U.S. 189, 195, 55 S. Ct. 386, 389 (1935) (citations omitted).

Keirans' argument fails because it rests on an incorrect premise. In Minnesota, "an action to foreclose is not an action in rem." *Whalley v. Eldridge*, 24 Minn. 358, 361 (1877). On the contrary, the supreme court has held that "an action to foreclose is one in personam," although "in a sense it is in the nature of a proceeding in rem, because it has for its object the enforcement of the lien of the mortgage on specific property." *Winne v. Lahart*, 155 Minn. 307, 310, 193 N.W. 587, 589 (1923); *see also JPMorgan Chase Bank, N.A. v. Erlandson*, 821 N.W.2d 600, 606 (Minn. App. 2012) ("A mortgage foreclosure by action requires a judicial decree and approval of sale and is an *in personam* proceeding, although it is in the nature of a proceeding *in rem* since its purpose is to enforce a lien on the mortgaged property." (quotation omitted)). Because BNY Mellon's foreclosure action in state district court is in personam under Minnesota law, the doctrine of prior exclusive jurisdiction is inapplicable. The district court therefore did not err by exercising jurisdiction.

## II.

Keirans argue that the district court erred by granting summary judgment because BNY Mellon failed to show an absence of genuine issues of material fact. The court granted summary judgment to BNY Mellon upon Keirans' failure to satisfy the

conditions of the court-ordered bond, without determining that no genuine issue of material fact exists under Minn. R. Civ. P. 56. "The interpretation of the rules of civil procedure . . . is a question of law that [appellate courts] review de novo." *TC/Am. Monorail, Inc. v. Custom Conveyor Corp.*, 840 N.W.2d 414, 417–18 (Minn. 2013).

"Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. As the supreme court has explained, for a district court to enter summary judgment, "*the court must determine* on the basis of all the pleadings, depositions, answers to interrogatories, and admissions on file, together with the filed affidavits, if any, that there is no genuine issue as to any material fact." *Schmidt v. Smith*, 299 Minn. 103, 106–07, 216 N.W.2d 669, 671 (1974) (emphasis added).

In this case, neither the district court's original order for summary judgment nor its order of amended judgment contains any indication that the court determined that no genuine issue of material fact exists. Rather, both judgments, along with the court's statement during the October 14, 2013 hearing—"if the bond is not posted, we're done"—suggest that the court's singular basis for entering summary judgment against Keirans was their failure to satisfy the court-ordered bond requirement. We conclude that the district court erred. Our conclusion is informed by *Barton v. Pfaff*, 326 N.W.2d 12, 12 (Minn. 1982), in which the district court granted summary judgment to the plaintiff but, before entry of judgment, determined that a fact issue existed. *Barton*, 326 N.W.2d at 12.

The court therefore "set the matter on for hearing, *upon the condition* that the defendant post a bond in the amount of $35,000." *Id.* (emphasis added). When the defendant failed to post the bond, the court entered judgment for the plaintiff. *Id.* The supreme court reversed and remanded, concluding that "[o]nce the trial judge determined that there was a factual dispute, summary judgment could not be entered." *Id.*

Failure to satisfy a bond condition required to stay foreclosure proceedings is not alone a sufficient basis upon which to grant summary judgment on the merits. We conclude that the district court erred by granting summary judgment upon Keirans' failure to satisfy the conditions of the bond without first determining that no genuine issue of material fact exists.

Keirans raise various other issues. Because we are reversing and remanding this case to the district court on other grounds, we need not reach those issues.

### D E C I S I O N

The district court properly exercised jurisdiction in this case but erred by granting summary judgment in favor of BNY Mellon without first determining that no genuine issue of material fact exists. We therefore reverse and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**