*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-2068**

The Bank of New York Mellon,
as Trustee For The Certificateholders Of CWABS Inc.,
Asset-backed Certificates, Series 2007-6,
Respondent,

vs.

Alan G. Keiran, et al.,
Appellants,

Provincial Bank, et al,
Defendants.

**Filed August 22, 2016**
**Affirmed**
**Bratvold, Judge**

Dakota County District Court
File No. 19HA-CV-11-6412

David R. Mortensen, Wilford, Geske & Cook, P.A., Woodbury, Minnesota (for respondent)

LuAnn M. Petricka, Petricka Law Firm, P.A., Minneapolis, Minnesota (for appellants)

Considered and decided by Bratvold, Presiding Judge; Connolly, Judge; and Muehlberg, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**BRATVOLD**, Judge

In this foreclosure action, appellants Alan and Mary Jane Keiran appeal from a grant of summary judgment in favor of respondent-bank. The Keirans raise three issues: (1) disputed material facts preclude summary judgment to the bank, (2) the bank waived the foreclosure action because it is a compulsory counterclaim in relation to the Keirans' federal suit based on the Truth in Lending Act (TILA), *see* 15 U.S.C. § 1635 (2012), and (3) the Keirans are entitled to relief under the state-law recoupment doctrine. Because the district court correctly determined that (1) no disputed material facts prevent summary judgment on the foreclosure action, (2) foreclosure is not a compulsory counterclaim in a federal TILA suit, and (3) the Keirans' recoupment claim fails as a matter of law because they lost their TILA claim in federal court, we affirm.

## FACTS

This dispute has a lengthy procedural history in both state and federal court, including several previous appeals, one pending federal appeal, and this appeal. The Keirans purchased real property located in Lakeville in June 1998. They refinanced in December 2006, receiving a loan in the amount of $404,000 from Home Capital Inc., and signed an adjustable-rate note. The Keirans also executed a mortgage on the property as security for the loan.

In November 2008, the Keirans stopped making payments on the loan. On October 8, 2009, they sent Home Capital and BAC Home Loan Servicing LP (Home Capital's servicing agent) a letter purportedly rescinding the mortgage, alleging that there

were not sufficient disclosures during their loan transaction to satisfy TILA. On January 7, 2010, Bank of America responded on behalf of BAC, indicating that it had reviewed the Keirans' file, found no deficiencies in the disclosures, and denied the request to rescind the mortgage. In August 2011 the mortgage was assigned to respondent, The Bank of New York Mellon ("the bank").

The Keirans sued the bank and other lenders in a federal action in October 2010 claiming violations under TILA. *Keiran v. Home Capital, Inc.*, Civil No. 10-4418 (DSD/JSM), 2011WL 6003961 (D. Minn. Nov. 30, 2011), *vacated*, 135 S. Ct. 1152 (2015). The district court determined that the Keirans' claim was time-barred, and granted summary judgment in favor of the lenders. The Keirans appealed to the Supreme Court of the United States, which vacated the judgment and remanded. *Keiran, Inc.*, 135 S. Ct. at 1152 (citing *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790 (2015) (holding that written notice is sufficient for purposes of timeliness to exercise mortgage rescission rights under TILA)). On remand, the federal district court again granted summary judgment in favor of the lenders, including the bank, on the merits of the Keirans' claim. *Keiran v. Home Capital, Inc.*, Civil No. 10-4418 DSD/JSM, 2015 WL 5123258, at *5 (D. Minn. Sept. 1, 2015). An appeal is now pending at the United States Court of Appeals for the Eighth Circuit. *See Keiran v. Home Capital, Inc.*, Civil No. 10-4418 (DSD/JSM), 2015 WL 5776090 (D. Minn. Oct. 1, 2015).

In December 2011, the bank commenced a foreclosure action in Dakota County district court against the Keirans and Provincial Bank, seeking a decree of foreclosure, a monetary judgment, and a deficiency judgment. (Provincial Bank appears to have a

3

secondary mortgage interest in the property as security for a smaller loan.) The Keirans answered, moved for a stay of the state court proceedings during the pendency of the federal lawsuit, and asserted affirmative defenses. In April 2012, the bank moved for summary judgment. On December 13, 2012, the state district court denied summary judgment and granted a stay of proceedings but ordered the Keirans to pay a $4,020.80 monthly bond payment. The Keirans failed to make any bond payments.

In October 2013, the bank again moved for summary judgment. The Keirans opposed and responded that they were in the process of appealing the federal suit to the Supreme Court. The district court continued the stay and ordered that the Keirans pay the outstanding bond balance of $40,208. Because the Keirans had failed to pay the outstanding bond balance, the district court lifted the stay in December 2013 and granted summary judgment in favor of the bank. The bank moved for a corrected judgment, which the district court granted, and again entered judgment. The Keirans appealed. In April 2015, this court reversed, concluding that "[f]ailure to satisfy a bond condition required to stay foreclosure proceedings is not alone a sufficient basis upon which to grant summary judgment," and remanded for determination on the merits as to whether any genuine issue of material fact existed. *Bank of New York Mellon v. Keiran*, 863 N.W.2d 83, 88 (Minn. App. 2015).

On remand, the bank again moved for summary judgment. In October 2015, the district court granted summary judgment in favor of the bank, relying on the Eighth Circuit's opinion from the Keirans' federal case, which had been vacated by the Supreme Court. *See Keiran v. Home Capital, Inc.*, 720 F.3d 721 (8th Cir. 2013), *vacated*, 135 S. Ct. 1152 (2015).

The bank requested reconsideration, moved to amend the order, and argued res judicata and collateral estoppel supported the grant of summary judgment. The Keirans opposed and submitted copies of papers filed in their pending appeal to the Eighth Circuit on the merits of their TILA claim.

After a hearing, the district court issued an amended order, corrected its analysis of the federal litigation, and granted the bank's motion to reconsider and amend. The amended order again granted summary judgment for the bank, relying on the doctrines of res judicata and collateral estoppel, and the determination that no genuine issue of material fact exists. This appeal follows.

## D E C I S I O N

**I.     Do any genuine issues of material fact exist on the bank's claim?**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. Evidence offered on a summary judgment motion must be admissible at trial. *Hopkins v. Empire Fire & Marine Ins. Co.*, 474 N.W.2d 209, 212 (Minn. App. 1991).

"Once the moving party has made a prima facie case that entitles it to summary judgment, the burden shifts to the nonmoving party to produce specific facts that raise a genuine issue for trial." *Bebo v. Delander*, 632 N.W.2d 732, 737 (Minn. App. 2001), *review denied* (Minn. Oct. 16, 2001). The nonmoving party "may not rest upon the mere averments

or denials . . . but must present specific facts showing that there is a genuine issue for trial." Minn. R. Civ. P. 56.05.

On appeal from summary judgment, this court reviews de novo whether any genuine issues of material fact exist and whether the district court erred in applying the law. *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 56 (Minn. 2013). This court views the evidence in the light most favorable to the party against whom summary judgment was granted. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76–77 (Minn. 2002). "[Appellate courts] may affirm a grant of summary judgment if it can be sustained on any grounds." *Doe v. Archdiocese of St. Paul*, 817 N.W.2d 150, 163 (Minn. 2012).

The Keirans argue that the district court erred in granting summary judgment for two reasons. First, the bank has failed to prove that it is the holder of the mortgage note, and therefore the bank has failed to establish that it has standing to proceed in this action. Second, the bank is not entitled to summary judgment because its submissions included inconsistent information, for example, regarding the amount of fees and charges assessed as a result of their default on the loan. We discuss each reason separately.

Regarding the Keirans' challenge to standing, the district court determined that the Keirans granted a mortgage interest in their home as collateral for a loan, that the mortgage interest and promissory note were subsequently assigned to the bank, and that the Keirans stopped making payments on the loan. Based on the record, we agree with the district court that the bank has established standing and the Keirans have not "produce[d] specific facts that raise a genuine issue for trial." *See Bebo*, 632 N.W.2d at 737.

6

Regarding the Keirans' challenge to the amount of fees and charges assessed in favor of the bank, the record includes the mortgage note signed by Alan Keiran, which states: "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." The note also states that the note holder shall have "the right to foreclose and sell the Property" in the event that the borrower fails to perform (i.e., make payments) under the note. The adjustable-rate note indicates that the borrower is also responsible for "costs and expenses in enforcing" the note.

We agree with the Keirans that the bank's affidavits reflect different amounts for property inspection fees, late charges, and "prior foreclosure fees." But the bank contends that the reported fees vary because the affidavits were submitted at different points in time and while the note was held by different entities. We conclude that the district court did not weigh the evidence. Rather, the summary-judgment decision used the uncontroverted fees set forth in the bank's most recent submissions.

Additionally, the Keirans question the veracity of attached documents, including the mortgage note itself. The Keirans claim that the record contains copies of two distinct and purportedly original mortgage notes: one with several handwritten checkmarks in the margins and another with no checkmarks and an additional signature page. The Keirans also claim that one of the notes seems to have been produced on standard-size paper while the other was on legal-size paper. Even taking the Keiran's claim to be true, we are not persuaded that slightly different copies reflect distinct original notes. The Keirans do not claim any substantive differences between the two copies of the note. *See* Minn. R. Civ. P.

7

56.05 (stating that nonmoving party "must present specific facts showing that there is a genuine issue for trial"). Thus, the Keirans do not raise any genuine issues of material fact.

## II. Is the foreclosure action a compulsory counterclaim in relation to the federal suit?

The Keirans argue that the bank's foreclosure action is a compulsory counterclaim to the Keirans' TILA claim, which was filed in federal court before the bank commenced this state action. The Keirans assert the district court failed to consider whether the bank forfeited the foreclosure action because it was not raised in response to the Keirans' federal complaint.

The Minnesota Rules of Civil Procedure state: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction that is the subject matter of the opposing party's claim. . . ." Minn. R. Civ. P. 13.01. "Interpretation of the rules of civil procedure is a question of law, which this court reviews de novo." *Leiendecker v. Asian Women United of Minnesota*, 731 N.W.2d 836, 839 (Minn. App. 2007), *review denied* (Minn. Aug, 7, 2007). The issue here is whether the bank's foreclosure claim arose out of the transaction that was the subject of the Keirans' TILA claim.

No Minnesota caselaw establishes a test for interpreting the language of the compulsory-counterclaim rule. But the language of rule 13.01 is very similar to its federal counterpart, Fed. R. Civ. P. 13(a), and the Minnesota Supreme Court has previously treated federal caselaw interpreting federal rules as persuasive in its interpretation of similar Minnesota rules. *See Uselman v. Uselman*, 464 N.W.2d 130, 142 (Minn. 1990) (applying

8

federal caselaw interpreting Fed. R. Civ. P. 11 to aid in interpreting Minn. R. Civ. P. 11), *superseded by statute on other grounds as stated in Powell v. Anderson*, 660 N.W.2d 107, 119 (Minn. 2003). *But see Leiendecker*, 731 N.W.2d at 840 (highlighting that Minn. R. Civ. P. 13.01 differs from its federal counterpart in that it does not make tort claims compulsory).

Federal courts have taken various approaches to applying the compulsory-counterclaim rule. *Compulsory Counterclaims—The Transaction or Occurrence Requirement: The Standard*, 6 Fed. Prac. & Proc. Civ. § 1410 (3d ed.) (recognizing four different tests). The Eighth Circuit generally prefers the "logical relation" test. *Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir. 1990); *Peterson v. United Accounts, Inc*, 638 F.2d 1134, 1136 (8th Cir. 1981).[1] Under the logical-relation test, courts ask whether a counterclaim stems from the same "aggregate of operative facts" as the original claim. *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 941 (8th Cir. 2000) (quoting and applying *Fox Chemical Co. v. Amsoil, Inc.*, 445 F. Supp. 1355, 1361 (D. Minn. 1978)).

Likewise, no Minnesota precedent addresses whether a foreclosure action is a compulsory counterclaim to a TILA action. We can examine federal caselaw, however, for its persuasive value. *See State v. McClenton*, 781 N.W.2d 181, 191 (Minn. App. 2010), *review denied* (Minn. June 29, 2010). Several federal courts of appeal have determined that a foreclosure or other debt-collection action is not a compulsory counterclaim to a TILA

---

[1] Westlaw notes that *Peterson* may be superseded by statute, *see Crawford v. Equifax Payment Srvcs., Inc.*, No. 97 C 4240, 1998 WL 704050, at *6 (N.D. Ill. Sept. 30, 1998), but we conclude that, even if this is so, it was on other grounds not affecting this case.

claim. *See Maddox v. Kentucky Fin. Co.*, 736 F.2d 380, 383 (6th Cir. 1984)*; Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1290–92 (7th Cir. 1980) ("The sole connection between a TILA claim and a debt counterclaim is the initial execution of the loan document. . . . [T]his connection is so insignificant that compulsory adjudication of both claims in a single lawsuit will secure few, if any, of the advantages envisioned in Rule 13(a)."), *rev'd on other grounds*, 452 U.S. 205, 101 S. Ct. 2266 (1981); *Whigham v. Beneficial Fin. Co.*, 599 F.2d 1322, 1323–24 (4th Cir. 1979) ("[A] lender's claim for debt against a borrower who sues for violation of the [TILA] has none of the characteristics associated with a compulsory counterclaim."); *cf. Peterson*, 638 F.2d at 1136–37 (citing *Whigham* and *Valencia* with approval in determining whether claim under Fair Debt Collection Practices Act is compulsory counterclaim to action to collect on underlying debt). *But see Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1359–64 (5th Cir. 1979) (concluding that action on underlying debt was compulsory counterclaim to TILA action). We find the federal caselaw from the Fourth, Sixth, and Seventh Circuits to be well-reasoned and therefore persuasive.

Here, the Keirans' TILA action and the bank's foreclosure action both arise from the same mortgage transaction, however, they do not share the same "aggregate of operative facts." *See Popp Telcom*, 210 F.3d at 941. The TILA action is based on facts surrounding the original mortgage transaction, while the foreclosure action is based on the Keirans' subsequent performance under the loan. Resolution of the TILA action requires review of the loan disclosure documents, while resolution of the foreclosure action requires review of the adjustable-rate note, the mortgage note, subsequent assignments, and

evidence of the Keirans' payments or failure to pay. In sum, the bank's foreclosure action is not logically related to the federal TILA claim in such a way as to make it a compulsory counterclaim. *See Tullos*, 915 F.2d at 1195. Thus, the bank did not waive its foreclosure action.

**III.    Did the district court erroneously dismiss the Keirans' recoupment claim?**

The Keirans argue that their recoupment claim was improperly rejected by the district court, which determined that the Keirans were not entitled to recoupment after reviewing the most recent federal decision granting summary judgment to the bank on the TILA claim.

Through common-law recoupment, a defendant may be able to "reduce or avoid the plaintiff's recovery" based on a claim "aris[ing] out of the same transaction that is the subject matter of the plaintiff's action." *Household Fin. Corp. v. Pugh*, 288 N.W.2d 701, 704 (Minn. 1980); *see Black's Law Dictionary* 1466 (10th ed. 2014). "Recoupment may be alleged as an affirmative defense in response to a mortgage foreclosure action in which the mortgage holder seeks damages." *Hunter v. Anchor Bank, N.A.*, 842 N.W.2d 10, 18 (Minn. App. 2013), *review denied* (Minn. Mar. 18, 2014).

Here, the district court denied recoupment after determining that res judicata barred the claim based on the federal litigation. Res judicata precludes re-litigation of a settled claim "when a subsequent action or suit is predicated on the same cause of action, or claim, that has been previously determined by a judgment." *Mach v. Wells Concrete Prods. Co.*, 866 N.W.2d 921, 925 (Minn. 2015) (quotation omitted). Collateral estoppel is similar, the only difference being that its preclusive effect applies to bar duplicative litigation of the

11

same issue (versus the same claim). *See Care Inst., Inc.-Roseville v. County of Ramsey,* 612 N.W.2d 443, 448 (Minn. 2000) (stating elements of collateral estoppel). This court reviews the applicability of both doctrines de novo under a four-part test. *Rucker v. Schmidt*, 794 N.W.2d 114, 117 & n.4 (Minn. 2011); *Care Inst.*, 612 N.W.2d at 446-47. The Keirans, however, do not challenge the district court's decision that the federal litigation precludes their TILA claim. In fact, on the compulsory-counterclaim issue, the Keirans assert that "all four prongs of res judicata are satisfied."[2]

Minnesota courts have allowed recoupment on a TILA-related claim, even where "the applicable statute of limitations would have barred an independent action on the same claim." *See Pugh*, 288 N.W.2d at 703. TILA itself contemplates that state law may allow for recoupment related to a claim under TILA. 15 U.S.C. § 1635(i)(3). But the Keirans lost their TILA claim, and not because it was untimely; rather, their TILA claim was rejected on the merits. *Keiran*, 2015 WL 5123258, at *4-5. Thus, the Keirans' recoupment claim fails as a matter of law because they lost their TILA claim on the merits in a final decision. We conclude that the district court properly granted summary judgment based on the preclusive effect of a final decision in the federal case.

**Affirmed.**

---

[2] The Keirans do not ask this court to stay this appeal but would like us to take note of their pending federal appeal and withhold judgment on the merits of their TILA claim. We decline to do so because the law is clear that a pending appeal "does not affect the preclusive nature of a judgment" unless and until that judgment is reversed. *Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 220 (Minn. 2007). Here, there is a final judgment stating that the TILA claim is invalid. *Keiran*, 2015 WL 5123258, at *4-5. The Keirans' TILA defense in this matter was properly rejected by the district court.